_____

No. 96-1342
_____

Gregory L. Bockness,                     *
                                         *
          Appellant,                     *
                                         * Appeal from the United States
     v.                                  * District Court for the
                                         * District of North Dakota.
Shirley S. Chater, Commissioner          *
of Social Security,                      *        [UNPUBLISHED]
                                         *
          Appellee.                      *

_____

          Submitted:  December 27, 1996

             Filed:  January 9, 1997
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

     Gregory L. Bockness appeals the district court's[1] grant of summary
judgment affirming the Commissioner of Social Security's (Commissioner)
decision to deny Bockness disability insurance benefits (DIB) and
supplemental security income (SSI).  We affirm.

     Bockness applied for DIB and SSI benefits based upon back and
shoulder pain.  Evidence at a hearing before an administrative law judge
(ALJ) indicated that Bockness suffered from a personality disorder, drug
and alcohol addiction (in remission since 1982),

_____

     [1]The Honorable Rodney S. Webb, Chief Judge, United States
District Court for the District of North Dakota, adopting the
report and recommendation of the Honorable Karen K. Klein, United
States Magistrate Judge for the District of North Dakota.

depression, LSD flashbacks, loss of memory, lack of concentration, impaired judgment, and daily headaches caused by Bockness's antidepressant medication.

Based on Bockness's testimony, his medical records, and vocational expert and physician testimony, the ALJ denied Bockness DIB and SSI benefits. The ALJ concluded that there was no medical evidence to support Bockness's complaints of physical disability, that Bockness's subjective description of pain was not credible, and that Bockness's psychological problems did not prevent him from performing nonexertional work which did not involve more than superficial contact with coworkers or the general public. Examples of the type of employment that Bockness could perform included cleaner/polisher, light assembler, entry level office worker, and security positions.

We shall affirm the Commissioner's decision denying DIB and SSI benefits if the decision is supported by substantial evidence on the record as a whole. See Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir. 1996). On appeal, Bockness asserts that the ALJ improperly assessed Bockness's credibility, improperly discounted the testimony of Bockness's treating physician, and ignored evidence of organic brain damage.

In Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (per curiam), this Court set out a multi-factored analysis for assessing the credibility of a claimant's allegations of disabling conditions. In addition to objective medical evidence, subjective descriptions of pain and incapacity must also be considered and may be evaluated in light of evidence of the claimant's daily activities and the effects of medication, as well as other factors. Id. at 1322. In this case, range-of-motion, x-ray, and neurological examinations of Bockness yielded normal results. Evidence at Bockness's administrative hearing revealed that pain from Bockness's headaches could be controlled with over-the-counter

medications and the prescription drug Doxepin.  Testimony also revealed that Bockness's daily activities included guitar-playing, driving, reading, and helping his mother with chores and grocery shopping.[2]  In light of this evidence, we do not believe that the ALJ erred in concluding that Bockness's subjective complaints were not credible.

Although a treating physician's opinion is generally accorded great weight, see Ghant v. Bowen, 930 F.2d 633, 639 (8th Cir. 1991), we hold that the ALJ properly rejected Bockness's treating psychiatrist's conclusion that Bockness "will not be able to maintain substantial and gainful activity."  Letter from Dr. R. A. Aligada to Bonnie J. Askew at 1, reprinted in Appellant's App. at 85.  This ultimate conclusion is not a medical determination within the competence of a physician, see Nelson v. Sullivan, 946 F.2d 1314, 1316-17 (8th Cir. 1991) (per curiam), but rather is a legal determination which must be made by the Commissioner.  In addition, Bockness's treating psychiatrist's conclusion was cursory, conflicted with the psychiatrist's own treatment notes, and was based in part on Bockness's purported physical impairments that were discounted by the ALJ.  In these circumstances, the ALJ properly rejected the psychiatrist's unsupported conclusion.  See Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996) (treating physician's opinion given no greater deference than that of other physicians where the opinion is vague and conclusory).

We reject Bockness's contention that the ALJ improperly

---

[2]Furthermore, evidence suggested that Bockness had significant motivational problems.  Bockness refused to accept alternative work programs pending his disability determination, Bockness's medical records indicated repeated concern for his lack of motivation, and Bockness testified that he "would rather play the guitar than work . . . ."  Tr. of Admin. H'rg at 30 (Aug. 3, 1993), reprinted in Admin. R. at 66.  This apparent lack of motivation was a proper factor for the ALJ to consider in evaluating the credibility of Bockness's complaints.  See, e.g., Locker v. Sullivan, 968 F.2d 725, 728-29 (8th Cir. 1991).

ignored evidence that Bockness suffered from organic brain damage. Psychological testing revealed no organic brain damage, and Bockness's assertion that he suffered from LSD flashbacks--first mentioned in Bockness's testimony before the ALJ--was adequately considered by the ALJ. Finally, we conclude that Bockness's suggestion that his physical pain derives from a somatoform disorder must be rejected, as there is no support for this suggestion in Bockness's treatment records.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.