Lorraine POLASKI, et al., Appellees,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellant.

No. 84–5085.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1984.

Decided July 17, 1984.

2. I agree with the Court's holding on the merits of this appeal, and join that portion of its opinion.

Mary G. Grau, Minneapolis, Minn., Mark Bohnhorst, Martha Eaves and Steven Moon, Southern Minnesota Regional Legal Services, St. Paul, Minn., for appellees.

Donald A. Gonya, Randolph W. Gaines, Jason R. Baron, A. George Lowe, Gen. Counsel of Health and Human Services, Baltimore, Md., Edward Rafel, Paul W. Day and Howard S. Scher, U.S. Dept. of Justice, Appellate Staff, Civ. Div., Washington, D.C., for appellant.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

## ORDER

On January 20, 1984, Lorraine Polaski filed a complaint in federal district court for the District of Minnesota, seeking review of the termination of her social security disability benefits by the Secretary of Health and Human Services (Secretary). She later successfully amended her complaint to pursue her case as a class action on behalf of similarly situated disabled persons within the Eighth Circuit. The amended complaint alleges: first, that the Secretary is not following Eighth Circuit law by requiring that objective medical evidence fully corroborate a disability claimant's allegations of pain and other subjective complaints; and second, that the Secretary is not following Eighth Circuit law by terminating disability benefits absent new evidence demonstrating either that the claimant's condition has materially improved or that the original decision granting benefits was erroneous.

On April 27, 1984, the district court issued a preliminary injunction and revised its class certification order, 585 F.Supp. 1004. The court determined that the Secretary was nonacquiescing in Eighth Circuit decisions concerning both the standard for evaluating pain and other subjective complaints and the standard for evaluating medical improvement. The court enjoined the Secretary from denying or terminating disability benefits without following those decisions. It also provided for reconsideration of the claims of persons within the class under the proper standards.

On May 1, 1984, the Secretary sought an emergency stay of the preliminary injunction pending appeal to our Court. The district court denied the motion for a stay on May 2, 1984. The Secretary filed a notice of appeal on May 15, 1984. On May 25, 1984, our Court granted a temporary stay pending appeal. We heard oral argument on June 12, 1984.

In her brief and at oral argument, the Secretary maintained that she had been applying Eighth Circuit cases concerning the standard for evaluating allegations of pain and other subjective complaints. At the conclusion of oral argument, we stated from the bench that our Court would defer any immediate action in order to allow the parties a chance to reach an agreement on the standard to be used in evaluating pain and other subjective complaints in cases within the Eighth Circuit.

On July 11, 1984, the Justice Department notified this Court that the parties reached a settlement, agreeing that the relevant standard is as follows:

A claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment. Symptoms such as pain, shortness of breath, weakness, or nervousness are the individual's own perceptions of the effects of a physical or mental impairment(s). Because of their subjective characteristics and the absence of

any reliable techniques for measurement, symptoms (especially pain) are difficult to prove, disprove, or quantify. As a result of this difficulty, some adjudicators have misinterpreted the Secretary's policies as enunciated in SSR–82–58.

In particular, some adjudicators may have misinterpreted Example No. 2 in SSR–82–58 to allow allegations of pain to be disregarded solely because the allegations are not fully corroborated by objective medical findings typically associated with pain. The example should not be construed to be inconsistent with the text of SSR–82–58 which states in part:

> The effects of symptoms must be considered in terms of any additional physical or mental restrictions they may impose beyond those clearly demonstrated by the objective physical manifestations of disorders. Symptoms can sometimes suggest a greater severity of impairment than is demonstrated by objective and medical findings alone.

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

1. the claimant's daily activities;
2. the duration, frequency and intensity of the pain;
3. precipitating and aggravating factors;
4. dosage, effectiveness and side effects of medication;
5. functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. [Emphasis in original.]

The parties also agreed that the Secretary will transmit the agreed-upon language to adjudicators within the Eighth Circuit responsible for determining disability, including personnel in state and district offices, and personnel within the Social Security Administration, ALJs, and the Appeals Council. The language is to be transmitted no later than July 18, 1984.

This Court agrees with the above language as a correct statement of the law concerning the evaluation of pain and other subjective complaints for determining disability. This language thus serves as a correct restatement of our case law, to be followed in all administrative and judicial proceedings within the Eighth Circuit.

This order shall be issued forthwith. All other questions raised in this appeal are reserved for further decision by this Court.