**In re Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Petitioner.**

**No. 84–1803.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 1, 1984.

Decided Dec. 31, 1984.

Richard K. Willard, Asst. Atty. Gen., William Kanter, Mark H. Gallant and Mark W. Pennak, Washington, D.C., for petitioner.

Evan L. Hultman, U.S. Atty., Sioux City, Iowa, for U.S.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

## ORDER

Margaret Heckler petitions this Court for issuance of a writ of mandamus to Judge McManus ordering him to vacate his June 11, 1984, order requiring her personally to appear in his courtroom, and show cause why she should not be held in civil contempt. This Court subsequently stayed the district court order. The stay remains in effect.

## I. FACTS

The June 11, 1984, contempt order arises from two unrelated cases, *Trickel v. Schweiker*, No. C 82–3087 (N.D.Iowa) and *Dervore v. Heckler*, No. C 83–2040 (N.D. Iowa). In both cases, Judge McManus found that the Social Security Administration had improperly dealt with plaintiffs' complaints of pain and remanded for further proceedings. Upon receipt of the order of remand, the Appeals Council referred each case to an administrative law judge (ALJ), directing the ALJ to follow the court's order of remand, but also reminding the ALJ to follow social security regulations, 20 C.F.R. §§ 404.1528, 404.-1529, and Ruling 82–58 concerning the role of pain in determining disability.[1]

On March 23, 1984, prior to final action by the Appeals Council on remand, Trickel and Devore filed a motion for the order to show cause at issue here. They alleged that the Secretary refused to follow the court's order on remand, citing the instructions to the ALJ by the Appeals Council. On June 11, 1984, the district court entered the show cause order, stating:

> The court has reviewed the content of these instructions and believes they may not be in accord with its orders * * *. It is fundamental that the power of a court to make an order carries with it the power to enforce that order and "the inquiry as to the question of disobedience has been, from time immemorial, the special function of the court." *In re Debs*, 158 U.S. 564, 594, 15 S.Ct. 900, 910, 39 L.Ed. 1092 (1895). *See also* 18 U.S.C., § 401(3).

On June 14, 1984, after the trial court's issuance of the June 11 show cause order, the Appeals Council adopted the recommended decision of the ALJ of May 7, 1984, and the Appeals Council entered an order

1. The instructions to the ALJ were as follows: The administrative law judge is directed to follow the procedures described in the Court's order of remand; however, the administrative law judge is reminded that Social Security Administration Regulations 404.1529 and Ruling 82–58 direct that pain is a symptom, not an impairment. While an individual's symptoms, including pain, are an important element in the evaluation of disability, and the Social Security Act and regulations require that an individual's own description of symptoms (including pain and limitations) be considered along with pertinent signs and laboratory findings shown in the record, Sections 404.1528 and 404.1529 of Social Security Regulations No. 4 and Sections 416.928 and 416.-929 of Regulations No. 16 specifically provide that an individual's statements alone are not enough to establish that there is a severe mental or physical impairment. A finding of "disabled," therefore, must not be based on symptoms unless medical signs or findings show that there is a severe medical condition which could be reasonably expected to produce the symptoms and the degree of symptomatology alleged.

awarding benefits to claimant Trickel.[2] In entering that order, the Appeals Council rejected the ALJ's recommendation that benefits be denied.[3]

On July 17, 1984, this Court entered an order in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984), in which we recited that the plaintiffs and the Secretary had entered into a settlement agreement in that class action, which purported to state the law concerning the evaluation of pain and other subjective complaints for determining disability. We stated in the order that the stipulation correctly stated the law and was to be followed in all administrative and judicial proceedings within the Eighth Circuit. On October 9, 1984, the President signed the Social Security Disability Benefits Reform Act of 1984 (1984 Act), Pub.L. No. 98–460, 98 Stat. 1794 (1984), which set forth the standard for evaluating pain and other subjective complaints. *Id.* § 3(a). We filed a final opinion in the *Polaski* case today in which we reiterated the view that the settlement agreement correctly sets forth the case law and is fully consistent with the 1984 Act. *Polaski v. Heckler*, No. 84–5085, 751 F.2d 943, 950–951 (8th Cir. 1984).

In the light of this Court's order of July 17, 1984, its opinion of December 31, 1984, and the 1984 Act, the controversy surrounding the Secretary's action has been resolved and a finding of contempt would be inappropriate. We are confident that the district court will on receipt of this order vacate its June 11, 1984 order. If not, the Secretary is free to renew her petition to this Court which we will handle on an expeditious basis.

We deny the petition for the writ for the reasons stated and remand to the district court.

**2.** In his affidavit attached to this petition, Frank V. Smith III, Associate Commissioner for Hearings and Appeals, represents that the SSA would also be prepared, upon Trickel's request, to reinstitute his benefits from January 1983, through June 1984.

**3.** The Appeals Council had earlier rejected the ALJ's recommended decision on remand adverse to Trickel and directed that the case be reviewed in accordance with Eighth Circuit law. This first rejection occurred after claimants made their motion for an order to show cause.