Ronald J. SCHARES, SSN: 479–38–2504, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. C 87–2029.

United States District Court, N.D. Iowa, E.D.

Jan. 14, 1988.

Jerald L. Martin, Waterloo, Iowa, for plaintiff.

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, for defendant.

ORDER

McMANUS, District Judge.

This matter is before the court upon plaintiff's resisted motion for summary judgment, filed August 27, 1987 and defendant's resisted motion to affirm Secretary's decision, filed November 3, 1987. Affirmed.

This is an action to review the final decision of the Secretary of Health and Human Services denying plaintiff Ronald J. Schares disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and supplemental security income (SSI) based on disability under Title XIV of the Social Security Act, 42 U.S.C. § 1381, *et seq.* Plaintiff complains of degenerative disc disease and rheumatoid arthritis of the lumbar spine, nocturnal swelling of his hands and feet, severe pain in his lower back and accompanying headaches.

The ALJ found that plaintiff is unable to perform his past relevant work as a meat packer. The ALJ further found that plaintiff could lift a maximum of twenty pounds and periodically lift ten pounds but could not walk or stand for prolonged periods of time. He concluded that plaintiff has a residual functional capacity to do light work. At issue is whether the ALJ's conclusion is supported by substantial evidence on the record. Based upon its review of the record, this court finds that his decision is properly supported.

■ Once the claimant has shown that he is unable to return to his past work, the burden of proof shifts to the Secretary to establish other gainful work which the claimant could perform. *Dawson v. Bowen*, 815 F.2d 1222, 1226 (8th Cir.1987). To carry his burden, the Secretary must establish by medical evidence that the claimant retains the physical capacity to do alternative types of work. *O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir.1983) (quoting *McCoy v. Schweiker*, 683 F.2d 1138, 1147

(8th Cir.1983)). When the claimant presents evidence that he is also suffering from severe pain, a recognized nonexertional limitation, the Secretary's burden includes proving that limitation does not preclude claimant from performing other work. *Id.*

■ Regarding plaintiff's complaints of physical limitations, the ALJ's decision that they are not disabling is not in error. The extent of plaintiff's asserted limitations is not supported by objective medical evidence or observable manifestations. When last seen by his attending physicians in June 1984, plaintiff's condition had improved. Tr. at 144. Furthermore, Dr. Philip E. Rohrbaugh, one of the consulting physicians, concluded that despite plaintiff's chronic back pain due to degenerative disc disease, the arthritic condition does not appear problematic and plaintiff probably could engage in light work with limited walking and standing.

Looking next to plaintiff's complaint of disabling pain, the court concludes that, contrary to plaintiff's assertion, the ALJ evaluated plaintiff's complaint according to 12 C.F.R. § 404.1529 and each of the five *Polaski* factors. *Polaski v. Heckler,* 739 F.2d 1320, 1321–22 (8th Cir.1974) (The five factors are: (1) claimant's daily activities; (2) duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.). *See Jelinek v. Heckler,* 764 F.2d 507, 508 (8th Cir.1985).

Although plaintiff definitely suffers from back pain, the ALJ acted within the scope of his discretion and discredited plaintiff's claims regarding the extent of that pain. The ALJ observed that plaintiff infrequently sought medical attention, had no current prescription for medication and was not engaging in any therapeutic treatment, including exercises or heating pads. Plaintiff's contention that he lacked financial resources to seek such treatment is contradicted by the fact that his attending physicians practice with the Peoples Community Health Clinic, a health care facility for low-income patients, and that they pre-viously helped him attain prescription medications at reduced cost.

For support of his claim, plaintiff turns to the consulting report of Dr. James E. Crouse in which he opines that plaintiff suffers from disabling pain. Plaintiff's reliance on Dr. Crouse's report, however, is ill-founded. Such a determination is for the ALJ, not the consulting physician. *See Sorenson v. Weinberger,* 514 F.2d 1112, 1119 (9th Cir.1975). Moreover, Dr. Crouse's conclusion is based upon plaintiff's subjective complaints of pain and has no basis in clinical findings or laboratory results. Thus, this court concludes that the ALJ properly evaluated plaintiff's complaints of disabling physical limitations and pain and that his finding of residual functional capacity to do light work is supported by substantial evidence.

It is therefore

ORDERED.

Affirmed.