Arlene RAMEY, Widow of James
Ramey, Appellant,

v.

Donna E. SHALALA, in her capacity as
Secretary of the Department of Health
and Human Services, Appellee.

No. 93–2254.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1994.

Decided June 7, 1994.

Edwin W.F. Dyer, III, Bismarck, ND, for appellant.

Cameron Wayne Hayden, Asst. U.S. Atty., Bismarck, ND, for appellee.

Before MAGILL, Circuit Judge, HEANEY, and JOHN R. GIBSON, Senior Circuit Judges.

MAGILL, Circuit Judge.

Arlene Ramey appeals from the district court's grant of summary judgment affirming the Secretary of the Department of Health and Human Services (the Secretary) determination that she was not disabled under the terms of Title II of the Social Security Act.

After careful review, we reverse and remand for an award of benefits.

## I. BACKGROUND

Arlene Ramey, whose medical history includes rheumatoid arthritis, degenerative disc disease, and posterior tibial tendon dysfunction syndrome, applied for widow's disability benefits on March 14, 1988. To qualify for benefits, based upon her now-deceased husband's earnings, Ramey must have been disabled on October 31, 1985.

Ramey's complaints include a history of foot, neck, and lower back pain. Her medical history indicates that since 1963 she has regularly sought medical care for her pain-related complaints. In January 1985, Ramey was referred for chronic-back-pain management. At that time, she was instructed to use a TENS unit to attempt to relieve her pain. App. at 399. She was also treated with feldene, *id.* at 392, a nonsteroid anti-inflammatory drug. Ramey's former supervisor wrote a letter in support of Ramey's application for benefits attesting to her attempts to work despite pain medication, prosthetics, and the TENS unit.

Ramey last engaged in substantial gainful activity on October 14, 1985, when she left her position as a switchboard operator. Thus, in December of 1988, at the time of her initial administrative hearing, the issue for the administrative law judge (ALJ) to resolve was whether Ramey met the disability requirement by October 31, 1985.

The ALJ issued a decision denying Ramey benefits, finding that her impairments did not meet or equal a listed impairment. Ramey filed an appeal with the Appeals Council. The Appeals Council remanded the case to the ALJ to reopen the record to consider Ramey's impairments in light of the subjective-complaint considerations enumerated in *Polaski v. Heckler,* 739 F.2d 1320, 1322, *supplemented,* 751 F.2d 943 (8th Cir.1984), *vacated,* 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974, *adhered to on remand,* 804 F.2d 456 (8th Cir.1986), *cert. denied,* 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987).

On remand (Second Decision), the ALJ found not credible Ramey's allegations of disabling pain causing severe restrictions on her activities of daily living. Relying on the testimony of a vocational expert, the ALJ found that Ramey could return to her past relevant work. The vocational expert testified in response to the following hypothetical question.

> I have a person of the claimant's age, education and work experience and assuming this person could perform jobs that require little bending or twisting and lifting no more than 35 pounds occasionally. And that such a person could sit and stand 30 to 40 minutes at a time alternately. And that this person would have to avoid jobs that involve stooping or prolonged bending over forward. Okay, would such a person be able to perform her past work as the claimant performed it or as performed in the national economy?

App. at 168. The vocational expert replied that "there would be potential for a person with the characteristics mentioned in that hypothetical question to return to work as a, as a switchboard operator." *Id.* at 168–69. Ramey was denied benefits and subsequent review by the Appeals Council.

## II. DISCUSSION

 The ALJ stated in the Second Decision that Ramey's subjective complaints were considered and discredited in light of *Polaski.* *Polaski* requires that an ALJ give full consideration to all of the evidence presented relating to subjective complaints. 739 F.2d at 1322. The ALJ must consider the claimant's prior work record, observations by third parties, and observations by treating and examining physicians as they relate to (1) the daily activities of the claimant; (2) the duration, frequency, and intensity of pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Id.* The absence of objective medical evidence supporting the degree of the severity of the subjective complaint is just one factor to be considered. *Id.* Though the ALJ stated he applied the *Polaski* factors when discrediting Ramey's testimony, substantial evidence in the record as a whole does not support the ALJ's conclusions. Consequent-

ly, the ALJ erred when he failed to include Ramey's pain-related complaints in the hypothetical posed to the vocational expert.

Although numerous third parties submitted statements attesting to Ramey's long-term pain limitations, the ALJ stated that these statements though sincere and genuine were "clouded by the claimant's present situation, which is recognized to have progressively· worsened since 1985." *Id.* Hence, without substantive justification, the ALJ discredited the third-party evidence of disabling pain.

The ALJ rejected Ramey's testimony as to the severity and frequency of her pain and as to the degree of her concomitant functional limitations. *See* App. at 51. In October 1985, Ramey visited the Mayo Clinic in Rochester, Minnesota to have her daughter treated. In discrediting Ramey's testimony, the ALJ appears to reason that had Ramey been in severe pain, she would not have made the long trip to the Rochester, Minnesota clinic. We find this reasoning to be without foundation. Moreover, the ALJ was well aware that Ramey required emergency room treatment for her back problems while away on this trip.

In support of his *Polaski* analysis discrediting Ramey, the ALJ cites 1979–medical–record evidence that Ramey could sit for three to four hours at a time. Such evidence only weakly counters the testimony of a claimant regarding a progressive disease condition being evaluated for a 1985 disability date. Further, the ALJ's statement in his decision that Ramey's use of pain medications does not support her subjective complaints is wholly without support in the record. Ramey was a regular user of valium, feldene, and a TENS unit.

Finally, Dr. Hruby, Ramey's treating physician in 1985, wrote a letter in 1989 attesting to Ramey's significant chronic back and foot pain in 1985. The ALJ disregarded this evidence, finding that it conflicted with a 1985 report written by Dr. Hruby. According to the ALJ, the report "does not describe pain and functional limitations of such severity to preclude work, and Dr. Hruby at that time made no mention that claimant was not capable of working." *Id.* at 52. Dr. Hruby's

1985 report does not give any medical evidence indicating that Ramey can or cannot work. The report does describe Ramey's disabilities and states at one point,

> Ms. Ramey has had recurrent, chronic low back pain since having [a L4 fusion] performed. She has been seen in consultation by orthopedics and neurology for the pain accompanied by limited range of motion of the lumbar spine and has been tried on multiple therapeutic modalities including analgesic/antispasmodic agents, a TENS unit and physical therapy—all of which have proven to be minimally effective.

*Id.* at 370. We cannot find any conflict between Dr. Hruby's two reports.

In November 1988, Dr. Hart, who was at that time treating Ramey's ankle condition—not her back—stated,

> I have only been treating her ankles but it is my impression from [Dr. Dahl's] note that [Ramey] does have very severe degenerative disk disease with associated mechanical low back pain. I feel that she certainly would, on the basis of these maladies, fit under your code of disability. It is extremely difficult to quantify her exact disability but I believe that she should be limited to work type that does not involve lifting, bending or twisting of any significant degree. In this I would mean that she should not sit for any longer than 30 to 40 minutes at a time, should not be standing in any prolonged position for longer than 30 to 40 minutes at a time and I would recommend no lifting beyond 35 pounds.

*Id.* at 271. The ALJ stated, "[a]bsent evidence to the contrary the functional limitations imposed by Dr. Hart in November 1988 are accepted as representative of claimant's functional capacity as of October 1985." *Id.* at 52. The ALJ, however, in the process of accepting Dr. Hart's limitations disregarded Ramey's subjective complaints of disabling pain substantially affecting her functional limitations.

Ramey's pain-related complaints were supported throughout the medical records, Ramey's testimony, and the testimony of her friends and acquaintances. Substantial evi-

dence in this record does not support the ALJ's omission of these complaints from the hypothetical question, nor the ALJ's finding that Ramey could return to her past relevant work. We find that Ramey satisfied her burden of showing that she could not return to her past relevant work.

 Because Ramey cannot return to her past relevant work and because her claim for benefits was filed in 1988 before Congress altered the standard for finding disability in such claims, her claim is covered by the Secretary's instructions in Social Security Ruling 91–3p (SSR 91–3p). Pursuant to SSR 91–3p, the Secretary established separate guidelines for determining disability in widow's claims filed before January 1, 1991. The Secretary instructed that

> If the residual functional capacity assessment shows that the widow does not retain the functional capacity to perform a range of work comparable to the full range of sedentary work, the widow will be found disabled and entitled to benefits.... To assess whether the range of work is comparable to the full range of sedentary work, SSA will use the guidelines ... discussed in Social Security Rulings 83–12, 83–14, and 85–15....

Soc.Sec.Ruling 91–3p. Thus, the relevant inquiry is whether Ramey could perform the full range of sedentary work. Dr. Hart instructed that Ramey must alternate sitting and standing for no longer than 30 to 40 minutes at a time. Dr. Hart's limitation, credited by the ALJ, precludes Ramey from performing the full range of sedentary work.

> In some disability claims, the medical facts lead to an assessment of [residual functional capacity] which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing.... Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work ... or the prolonged standing or walking contemplated for most light work.

Soc.Sec.Ruling 83–12. Dr. Hart's sitting/standing limitation establishes without the necessity of further proceedings the Secretary's requirement for a finding of disabili-

ty. Consequently, we reverse and remand for an award of benefits.

## III. CONCLUSION

Because Ramey has satisfied her burden of establishing disability, we reverse and remand to the Secretary for an award of benefits.