62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Larry BAKER, Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Appellee.
 No. 94-3891.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 30, 1995.
Filed: July 27, 1995.
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Baker appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri affirming the Secretary's decision to deny him disability insurance benefits. For reversal, Baker argues the administrative law judge (ALJ) erred in discounting Baker's testimony concerning his need to elevate his legs for five hours each day to relieve pain associated with his knee problems. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 To determine whether the ALJ properly discounted Baker's testimony, we must consider whether, according to the factors set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984), the ALJ considered all the relevant evidence, and whether the evidence contradicted Baker's testimony. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987). A review of the ALJ's decision indicates that he examined all the evidence and found incredible only Baker's testimony concerning his need to elevate his legs. A vocational expert testified that Baker could not perform his past work as a Union Electric lineman or a line service worker, but, if Baker did not need to elevate his legs, he could work as a receptionist, cashier, hotel desk clerk, or in security services, provided a sit/stand option was available.
 
 
 3
 Other evidence before the ALJ included Baker's medical records and statements of his treating physicians, and Baker's diary, kept at his attorney's request, detailing his daily activity, hour-to- hour, for about ten days. The ALJ noted Baker's diary entries contained no indication that he spent time with his legs elevated, noted the absence of any doctors' notes on the subject, and deter- mined this evidence contradicted Baker's testimony.
 
 
 4
 We find there was a sufficient basis on which to discount Baker's allegations concerning his need to spend five hours each day with his legs elevated to relieve pain, and, once those allegations are discounted, there is substantial evidence in the record to support the ALJ's determination to deny Baker's claim for disability insurance benefits. See Benskin, 830 F.2d at 885.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for Donna E. Shalala pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri