BRIGHT, Circuit Judge,
dissenting.
I dissent. The record is abundantly clear that the claimant suffers a severe, long-term disability to his back.
The medical reports early on show evidence of persistent pain as follows:
*1076 * 7/15/92 “Persistent lumbar pain. Now with right radicular pain.” (Notes of William Hurst, M.D., Tr. at 182).
* 7/27/92 “Persistent lumbar pain.... ” (Notes of William Hurst, M.D., Tr. at 182).
* 9/8/93 “[N]ot able to work because of his back injury.... His back pain sometimes keeps him asleep [apparently meaning from sleeping].” (Notes of David J. Silas, M.D., Tr. at 232).
*7/12/94 “Chronic back pain....” (Notes of Lori Denton, R.N.P., Tr. at 27).
* 11/8/94 “On examination he appeared to have significant pain at times which required shifting of positions during the interview.” (Notes of Larry S. Felts, M.D., P.A., Tr. at 220).
Moreover, objective findings support the painful back diagnosis.
* 9/9/92 “His low back has marked paraspinous muscle spasms.... ” (Notes of Gregory F. Ricea, M.D., Tr. at 184).
* 9/22/92 “[Degenerative disc disease.” (Notes of Daniel R. Ramey, M.D., Tr. at 190).
* 10/23/92 “Patient has post surgical, post ruptured disc spondylosis in the lower back with arachnoiditis [abnormal immobility and consolidation of a vertebral joint combined with inflammation of the delicate middle membrane of the three membranes which cover the spinal cord].” (Notes of Samuel E. Hunter, M.D., Tr. at 194).
* 3/9/93 “He may also benefit from epidural blocks.” (Notes of Samuel E. Hunter, M.D., Tr. at 194).
* 4/27/93 “X-rays of the lumbar spine revealed marked narrowing of the L4-5 and L5-S1 interspaces. There was also sclerosis of the facet joints.” (Notes of Ramon E. Lopez, M.D., Tr. at 198).
On April 27, 1993, Dr. Ramon E. Lopez, an orthopedic specialist, wrote:
Based on objective evidence it is my opinion that this patient would not be able to do work activities which require prolonged sitting, standing, walking, carrying, lifting, pushing, pulling, or crawling.
Tr. at 198.
Spradling’s subsequent medical history offers additional support for the claim. On July 12, 1994, Spradling was diagnosed with chronic back pain, depression, and hiatal hernia at Jonesboro Church Health Care Center. Tr. at 27. Dr. Peggy Reep found cervical degenerative change and lumbar degenerative change on January 17, 1995. Tr. at 273. Dr. David J. Silas, on January 12, 1995, noted that Spradling was “in extreme pain and walks with a cane and can not [sic] straighten up completely.” Tr. at 241. On February 2, 1995, Dr. Warren Stringer found possible “mild disc herniation with minimal associated end plate spurring [or] a mild degree of chronic disc bulging” in a radiology exam. Tr. at 262.
In this case, the rejection of back pain is not a matter of credibility but an inability by the ALJ and Social Security Administration to comprehend that disabling back pain does not bar some limited life activities. The ALJ seems to have rejected the painful back condition because Spradling can do some things and is not a complete invalid. The Social Security Administration has failed to recognize that a claimant such as Spradling is not required to prove he is bedridden or completely helpless to be found disabled. Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir.1989) (internal citations omitted).
The ALJ misunderstands the nature of persistent back pain. That pain can often be relieved by inactivity but can flare up with movement. Spradling’s few activities are not inconsistent with the medical findings and his long-standing assertions of disabling back pain.
Daily life activities are a factor in whether a claimant’s subjective complaints of pain are believed. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984). However, the objective medical evidence should always be the starting place. In this case, the medical evidence shows persistent pain and the underlying causes of that pain.
Without giving ample consideration to the back disability, the ALJ determined that the claimant could perform sedentary work. Sedentary work requires that “the claimant must have the ability to perform the requisite acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.” Thomas, 876 F.2d at 669 (internal citations omitted). Spradling’s testimony that on a good *1077 day he can fish or hunt for approximately one-half hour does not show that he could work day in and day out with his back pain.
The majority and ALJ also rely upon the fact that Spradling saw health care providers for his back pain only twice in two years and failed to have his pain medication adjusted when it caused him stomach irritation. At oral argument, Spradling argued that he had no means of securing health care in this time period. Again, considering the type of disability, it may not be unreasonable for someone who is told by medical experts that nothing can be done for his back pain to not continue to seek further options. He continued to take pain and depression medications during these two years.
Substantial evidence supports Spradling’s claim for disability. I would reverse and remand for further consideration of whether Spradling can do sedentary work, a matter not fully considered by the Social Security Administration nor the ALJ.