# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2553

_____

Timmy L. Wilson,                             *
                                             *
            Appellant,                       *      Appeal from the United States
                                             *      District Court for the Eastern
      v.                                     *      District of Arkansas.
                                             *
Kenneth S. Apfel, Commissioner of            *
Social Security Administration,              *
                                             *
            Appellee.                        *

_____

Submitted:  January 13, 1999

Filed:  March 26, 1999

_____

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and BRIGHT, Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

      Timmy Wilson appeals the district court's[1] judgment affirming the Social Security Administration's denial of his application for social security disability

_____

[1]The HONORABLE JERRY CAVENEAU, United States Magistrate Judge for the Eastern District of Arkansas.

benefits pursuant to 42 U.S.C. § 423 (1994), and supplemental security income (SSI) benefits pursuant to 42 U.S.C. § 1381(a) (1994). We affirm.

## I. BACKGROUND

Timmy Wilson is thirty-one years old and has a high school education. His past employment history includes work as a general farm laborer and a janitor.[2] Wilson has completed approximately twenty-five hours of college course work and is currently enrolled in college courses. He has not been employed since November of 1992. Wilson lives alone and his daily activities include going to school, studying and visiting friends and family members.

Wilson injured his back and left ankle in a work-related incident in October of 1991. Between 1991 and 1996, Wilson made multiple visits to ten doctors or clinics seeking treatment for pain in his back and leg. Wilson has also undergone several psychological and vision tests in the past several years. Psychological tests placed Wilson in the low-average range of normal intelligence, with deficiencies in reading and writing skills. On November 5, 1993, Wilson applied for disability and SSI benefits. Wilson claimed that he became disabled on November 15, 1992, due to lower back and left leg pain, a visual perception impairment, and a learning disability.

The Social Security Administration denied Wilson's application initially and upon reconsideration. Following a hearing, the Administrative Law Judge (ALJ) found that Wilson was not disabled as defined by 42 U.S.C. § 423 (d)(1)(A).[3]

_____

[2]Wilson was employed as a general farm laborer until the time of his original injury in October of 1991. Beginning in March of 1992, Wilson worked as a janitor at Walmart for approximately eight months.

[3]"Disability" is defined by the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical

Although the ALJ did find that Wilson suffered from a specific learning disability which would prevent Wilson from engaging in work requiring reading, writing, complex tasks or high levels of judgment, Wilson's testimony regarding his back and leg pain were discredited by the ALJ.

The ALJ discredited Wilson's subjective complaints of debilitating back and leg pain based largely upon the lack of an objective medical basis to support Wilson's claims. Despite Wilson's multiple complaints and visits to doctors, only one doctor found him to be disabled.[4] None of Wilson's other examining or treating doctors were able to identify a medical basis for the debilitating pain Wilson claims he suffers.[5] Consequently, the ALJ discredited Wilson's testimony regarding his back and leg pain.

We note that the ALJ did find that Wilson suffered from a learning disorder. However, as Wilson's past relevant work as a farm laborer and janitor did not require Wilson to engage in activities restricted by the learning disorder, the ALJ found that Wilson was capable of returning to his past employment. At Wilson's hearing, a vocational expert testified that, given a learning disability of the type from which Wilson suffers, Wilson could perform approximately ten thousand jobs in the national economy, including positions similar to those which he held in the past.

---

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

[4]Wilson's treating physician, Dr. John Ashley, characterized Wilson as "totally disabled [and] unemployable," in a letter to Wilson's attorney dated November 21, 1995. Record at 333.

[5]Although some of Wilson's treating and examining doctors found that Wilson suffered from medical problems, such as mildly bulging discs in his back and chronic ankle or low back pain, none of these doctors felt that Wilson's medical condition required surgery nor rendered him disabled.

The Appeals Council denied Wilson's request for review of the ALJ's determination, thereby rendering the denial of benefits the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g) (1994), Wilson appealed to the district court. The district court granted the Commissioner's motion for summary judgment, finding substantial evidence supported the Commissioner's denial of benefits. Wilson appeals.

## II.    DISCUSSION

Our review of the Commissioner's decision on appeal is limited. We will affirm the decision of the Commissioner if it is supported by substantial evidence. See 42 U.S.C. § 405(g). Substantial evidence is that which a reasonable mind might accept as adequate to support the decision. See Baker v. Apfel, 159 F.3d 1140, 1144 (8th Cir. 1998). While we must consider evidence which detracts from, as well as supports, the Commissioner's decision, we cannot reverse that decision "merely because substantial evidence would have supported an opposite decision." Qualls v. Apfel, 158 F.3d 425, 427 (8th Cir. 1998) (internal citations omitted).

On appeal, Wilson argues that the ALJ erred in finding that no medical basis existed for Wilson's claim of debilitating back and leg pain. We disagree because substantial evidence in the record supports the ALJ's finding.

In December of 1992, Dr. Mahon, an orthopaedic surgeon, found Wilson, on every measure, to be within normal range upon physical examination. See Record at 160-62. Dr. Woloszyn, an orthopaedic surgeon who saw Wilson several times between October of 1991 and June of 1993, noted on June 27, 1993 that "I cannot find any disability in this patient." Id. at 242.

Dr. Barrett-Tuck, a neurosurgeon, examined Wilson in July of 1993 and noted that he seemed to have a lot of back problems for "really a minimally abnormal CT

-4-

scan." Id. at 176. Dr. Barrett-Tuck again examined Wilson in August of 1993 and diagnosed Wilson with "I suppose . . . a muscular injury, [but] I can't explain why it is taking so long to improve." Id. at 170. During the early months of 1994, Wilson visited two other neurosurgeons, Dr. Wormuth and Dr. Skidmore. Dr. Wormuth noted in April of 1994 that Wilson's physical exam remains within normal limits and that no surgical reasons could be found for Wilson's continued low back pain. See id. at 274. Two months later, Dr. Skidmore noted that Wilson had a normal MRI despite his continued complaints of pain. See id. at 271.

Wilson next argues that the ALJ improperly discredited the opinion of Dr. Ashley, whose opinion, as Wilson's treating physician, should have been given greater weight by the ALJ. We disagree.

In January of 1995, Dr. Ashley diagnosed Wilson as suffering osteoarthritis and disc disease. Dr. Ashley characterized Wilson as "totally disabled [and] unemployable." Record at 333. After considering the diagnosis of the other doctors visited by Wilson, the ALJ gave Dr. Ashley's opinion little weight. "Although a treating physician's opinion is generally entitled to substantial weight, such opinion does not automatically control, since the record must be evaluated as a whole." Cruze v. Chater, 85 F.3d 1320, 1324-25 (8th Cir. 1996) (internal citations and quotations omitted). In light of the evidence discussed above, we find the ALJ's decision to afford Dr. Ashley's testimony little weight is supported by substantial evidence.

Lastly, Wilson argues that the ALJ improperly discredited his subjective complaints of pain. The ALJ made his decision after applying the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).[6] The ALJ addressed the

[6]Those factors are: "1) the claimant's daily activities; 2) the duration, frequency and intensity of the pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; [and] 5) functional restrictions." Polaski, 739 F.2d at 1322.

<u>Polaski</u> factors and explained why he found Wilson's subjective complaints not credible. As substantial evidence supports the ALJ's decision that Wilson does not suffer from a disabling back or leg ailment, we cannot say that the ALJ erred in discrediting Wilson's testimony. Upon review of the record, we find the evidence as a whole supports the Commissioner's conclusion that Wilson is not disabled. Accordingly, we affirm the Commissioner's denial of benefits.

## III.   CONCLUSION

For the reasons set forth in this opinion, we affirm the judgment of the district court.

Affirmed.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHT CIRCUIT