# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3105

_____

Rolland S. Schach,

      Appellant,

v.

Kenneth S. Apfel, Commissioner
of Social Security,

      Appellee.

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: February 17, 2000
Filed: March 28, 2000

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Rolland S. Schach, a former airline pilot, applied for social security disability
benefits, alleging that he was disabled as of January 1, 1994. He asserted a
combination of exertional and nonexertional impairments, including blurred vision,
excessive tearing in his eyes, low back pain from herniated disks, pain in both
shoulders, numbness and tingling in his right hand caused by carpal tunnel syndrome,
and residual effects from a pronated right ankle.

The Administrative Law Judge ("ALJ") found Schach disabled and entitled to benefits, but only as of February 18, 1996, Schach's fiftieth birthday. The Appeals Council denied Schach's timely appeal, thus making the ALJ's decision the final decision of the Commissioner.

Schach then sought review in the District Court pursuant to 42 U.S.C. § 405(g) (1994). That court[1] affirmed the decision of the Commissioner. Schach appeals, arguing that (1) the ALJ erred in relying on the medical-vocational guidelines in concluding that Schach was not disabled prior to age fifty, and (2) the ALJ's finding that Schach's testimony of disabling impairments prior to age fifty lacked credibility is not supported by substantial evidence.

Having carefully considered the briefs and the record, we affirm. First, the ALJ's finding that Schach's subjective complaints were not fully credible is supported by several inconsistencies in the evidence. For example, Schach reported that he had worked as an airline pilot for more than twenty years–a period of employment that did not end until 1992–despite back pain and double vision; a medical report from September 1994 indicated that Schach played golf and had no trouble walking; and Schach had been laid off from his airline employment and did not quit working because of his impairments. We are satisfied the ALJ properly assessed the credibility of Schach's claims as to the severity of his subjective complaints of pain and other symptoms under the standards of Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

Second, because the ALJ properly discredited Schach's subjective complaints of nonexertional impairments, application of the medical-vocational guidelines was

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

appropriate.  As directed by the guidelines, the ALJ found Schach disabled beginning on his fiftieth birthday, but not before that date.

We conclude that the decision of the Commissioner is supported by substantial evidence.  Because an extended opinion would add nothing of value to the thorough and well-reasoned opinion of the District Court, we affirm on the basis of that opinion.

AFFIRMED.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.