# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1023

_____

Ricky Stanton,                                    *
                                                  *
          Appellant,              *
                                                  *    Appeal from the United States
   v.                                          *    District Court for the Western
                                                  *    District of Missouri.
Larry G. Massanari, Acting                        *
Commissioner of Social Security,                  *         [UNPUBLISHED]
                                                  *
          Appellee.               *

_____

Submitted: August 6, 2001

Filed: August 14, 2001

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ricky Stanton has a high school education and a work history as a dishwasher and farm laborer. He last worked in 1997. Stanton was involuntarily admitted to a mental health center that year, and was treated for depression. Stanton applied for social security benefits based on his back pain, ulcers, and mental illness. An administrative law judge (ALJ) found Stanton suffered from back problems, an affective disorder, and borderline intellectual functioning, but concluded Stanton's testimony about his impairments and his ability work was not completely credible.

Although the ALJ believed Stanton could not return to his past relevant work, the ALJ held Stanton retained the ability to perform sedentary work. Based on the medical evidence as posed in a hypothetical question, a vocational expert testified there were jobs Stanton could perform. The ALJ denied benefits, and the Appeals Council and district court[*] affirmed. On appeal, Stanton asserts the ALJ failed properly to consider his mental impairments. Having carefully reviewed the record, we conclude substantial evidence on the record as a whole supports the ALJ's factual findings, and the ALJ's decision is not based on legal error. See Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). The ALJ properly evaluated and discounted Stanton's subjective complaints under Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and properly considered and discredited the opinion of Stanton's treating psychiatrist based on inconsistencies between the opinion, the psychiatrist's records, and Stanton's own statements. The ALJ also presented the vocational expert with a proper hypothetical question, so the expert's response that there were sedentary jobs Stanton could perform supports the ALJ's decision that Stanton was not disabled. We thus affirm the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.