# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2460

_____

| | | |
|---|---|---|
| Patti M. Willard, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jo Anne B. Barnhart, Commissioner | * | |
| of Social Security,[1] | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 16, 2001
Filed:  December 6, 2001

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Patti M. Willard appeals the District Court's[2] order affirming the Commissioner's denial of disability insurance benefits and supplemental security income.  In her January 1997 applications, Willard alleged disability since March 1993 from dysthymic (depressed mood) and personality disorders, and epilepsy.  At

_____

[1]Jo Anne B. Barnhart is substituted for former Commissioner of Social Security Larry G. Massanari as appellee in this action pursuant to Fed. R. App. P. 43(c).

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

an administrative hearing, a vocational expert (VE) testified in response to a hypothetical posed by the administrative law judge (ALJ). The ALJ found Willard not disabled based on the VE's identification of certain jobs the hypothetical claimant could perform. Having carefully reviewed the record, we affirm.

Willard first argues that the ALJ improperly discredited her subjective mental complaints, pointing to evidence showing that she had problems even in a sheltered work environment, her minimal daily activities did not suggest she was able to work, and she did not have contact even with her family. We disagree. After properly citing the factors in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ noted multiple inconsistencies in the record, including Willard's ability to live independently and the lack of physicians' opinions that Willard was totally disabled. See Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (stating that if ALJ discredits claimant and gives good reason, this court will defer to ALJ's judgment even if every Polaski factor is not discussed in depth). We find reasonable the ALJ's conclusion that Willard's alleged inability to work with others was not disabling. She held her last rehabilitation-program job, which required handling phone calls, for ten months, and the program coordinator indicated that Willard could likely succeed in a job requiring less public contact. Cf. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding substantial evidence supported rejecting subjective complaints of pain where evidence indicated pain was not severe enough to be considered disabling). Similarly, neither her lack of contact with her family (and alleged lack of friends), nor her daily activities of caring for her personal needs, using the bus to get around, volunteering at church, and engaging in hobbies at home, support a finding of a totally disabling mental impairment. Cf. Hutton v. Apfel, 175 F.3d 651, 654-55 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities—making breakfast, washing dishes and clothes, visiting friends, watching television, and driving—were inconsistent with claim of total disability). Willard's contention that the ALJ failed to consider and discuss the testimony of her caseworker is belied by the record.

In her remaining arguments, Willard essentially challenges the ALJ's mental residual functional capacity (RFC) findings, and contends that the ALJ's hypothetical to the VE was incomplete. However, the ALJ's RFC findings not only included limitations specifically addressing Willard's problems in relating to others, but they actually were more restrictive than the RFC findings of the Social Security Administration psychologist upon whose opinion Willard relies except, unlike the psychologist, the ALJ found no deficiencies in concentration, persistence, or pace—a finding that is supported by the record. Willard contends that the ALJ's mental RFC findings (and thus his hypothetical) should have included certain added limitations, but she bases this contention on the opinions of certain evaluators whose opinions are either conclusory or internally inconsistent. Cf. Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996) (according less deference where treating physician's opinion is itself inconsistent); Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995) (giving limited weight to treating physician's conclusory opinion). Willard also points to two global-assessment-of-functioning[3] ratings of 50, but the professionals issuing those findings also concluded that Willard's ratings for the previous year were higher. One evaluator, who had both interviewed and tested Willard, assessed a rating of 65. See 20 C.F.R. §§ 404.1509, 416.909 (2001) (impairment must last for continuous period of at least twelve months). While we recognize, as Willard points out, that she was terminated from a rehabilitation-program job, her inability to perform that job does not demonstrate her inability to perform a job based on the ALJ's RFC findings. Thus, we find that the ALJ's mental RFC findings were proper, see Dunahoo, 241 F.3d at 1039 (explaining that RFC must be based on "all relevant evidence, including medical records, physician's opinions, and claimant's description of her limitations"), and that the hypothetical was sufficient, see Roberts v. Apfel, 222 F.3d 466, 471 (8th Cir. 2000).

---

[3]See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., text rev. 2000).

Although there is evidence in the record supporting Willard's allegedly disabling mental impairments, we review to determine whether the ALJ's decision is supported by substantial evidence on the record as a whole. See id. at 468 (substantial evidence "is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion"). We also note that the Commissioner properly obtained psychological consultations due to the absence of mental-health treatment records, cf. Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000) (noting that it is reversible error to fail to order consultative examination when it is necessary for informed decision); and properly followed the special procedures for evaluating mental impairments, see Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991) (upholding ALJ's conclusion that impairment was not disabling where ALJ analyzed claimant's mental impairment under regulations' special procedure and ample evidence supported ALJ's findings).

Accordingly, we affirm.

BRIGHT, Circuit Judge, dissenting.

I respectfully dissent.

Upon examination of the record, I am convinced that Ms. Willard is entitled to benefits. Ms. Willard previously qualified for benefits from 1986-1993. She apparently lost benefits when she failed to respond to Social Security Administration inquiries.

In her present request for benefits, the administrative law judge determined that Ms. Willard had the residual functional capacity to perform light duty jobs including jobs such as a bench assembler, hand packager, or a laundry folder. However, there is no evidence in the record that Ms. Willard ever held such positions, or for that matter, has ever held any position in the workforce other than in a sheltered workshop

-4-

or a special employment program. For these reasons, I believe Ms. Willard is entitled to benefits.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.