# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 09-3243

_____

Crystal Green,

        Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security,

        Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: June 18, 2010
Filed: August 26, 2010

_____

Before SMITH and HANSEN, Circuit Judges, and WEBBER,[1] District Judge.

_____

PER CURIAM.

Crystal Green appeals from the district court's[2] order affirming the denial of supplemental security income benefits. Green alleges disability from multiple mental impairments. After a hearing, an administrative law judge (ALJ) found that Green

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

was severely impaired by organic mental disorder, depression, and chronic brain syndrome, but that those mental impairments did not meet one of the impairments listed in the administrative regulations. Next, the ALJ found that Green possessed the residual functional capacity (RFC) to perform light work, limited to simple repetitive tasks that required only limited contact with coworkers and the public. The ALJ also found that the mental impairments precluded Green from performing her past relevant work. Based on a vocational expert's responses to hypothetical questions, the ALJ found that Green was capable of performing jobs existing in the national economy. Based on that finding, the ALJ then found that Green was not disabled and concluded that she was not entitled to benefits. The appeals council denied review, and the district court affirmed in a detailed and thorough opinion. Having carefully reviewed the record and Green's arguments on appeal, we also affirm.

"[W]e review the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole." Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). "'Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision.'" Id. (quoting Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir. 1998)). Green contends that the ALJ's factual RFC finding is not supported by substantial evidence. The record demonstrates that Green functions as the payee for her husband's and her daughter's supplemental security income benefits and that Green's daily activities included caring for her two young children, shopping, housekeeping, managing the family's finances, and driving. Green reported improvement of her mental health subsequent to medication changes, which the ALJ appropriately considered. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (acknowledging propriety of considering medication efficacy when evaluating a claimant's subjective complaints for the purpose of determining disability); Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (referencing effectiveness of claimant's medication as one reason supporting ALJ decision to discredit claimant's subjective complaints). Additionally, several clinicians interviewed Green on various occasions after the onset date of her alleged

disability, and they observed Green to be alert, oriented, coherent, goal-directed, appropriately behaved and attired, and with memory and intelligence in the normal range. Even when considered alongside two global assessment functioning scores below 50 and minimal other evidence suggesting limited RFC, the record contains evidence that a reasonable mind could well accept to support the ALJ's RFC finding. See Cox v. Astrue, 495 F.3d at 617.

Green also argues that, even assuming the RFC finding is supported by substantial evidence, the ALJ's hypothetical question failed to adequately describe her borderline intellectual functioning and that the expert's response to such a flawed hypothetical question does not constitute substantial evidence to support the ALJ's finding that a significant number of jobs exist for Green in the national economy. We have previously rejected a similar argument in a factually analogous case, see Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) (holding that describing a claimant as capable of doing only simple work adequately accounts for borderline intellectual functioning), and we must similarly reject Green's argument.

Green also argues that the ALJ's hypothetical failed to precisely describe her social functioning. Yet, the ALJ described a hypothetical individual capable of only limited interaction with the public and coemployees. This adequately described the concrete consequences of the ALJ's finding of moderate difficulties in social functioning. See Roe v. Chater, 92 F.3d 672, 676 (8th Cir. 1996) (holding hypothetical question must describe "concrete consequences" of the claimant's impairment, rather than employ specific diagnostic terms); Hilkemeyer v. Barnhart, 380 F.3d 441, 446-47 (8th Cir. 2004) (holding ALJ took into account moderate social dysfunction by employing hypothetical question limiting claimant to no work with public and limited contact with coworkers and supervisors); Hofslien v. Barnhart, 172 Fed. Appx. 116, 120 (7th Cir. 2006) (unpublished) (per curiam) (holding that hypothetical questioning "reflected Hofslien's moderate restrictions in social functioning by limiting social contact with supervisors, co-workers, and the public").

Accordingly, the judgment of the district court is affirmed.

_____