# United States Court of Appeals

## For the Eighth Circuit

---

No. 16-1436

---

James Tippe

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

---

Appeal from United States District Court
for the Southern District of Iowa - Davenport

---

Submitted: September 22, 2016
Filed: October 11, 2016
[Unpublished]

---

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

---

PER CURIAM.

James Tippe applied for Social Security disability insurance benefits and supplemental security income in March 2011, alleging a disability onset date of October 31, 2008. Tippe had a long history of cocaine and alcohol abuse. His application was denied on initial application and review based on a finding that "alcoholism or drug addiction would . . . be a contributing factor material to the

Commissioner's determination that the [claimant] is disabled." 42 U.S.C. § 423(d)(2)(C). Tippe requested an administrative hearing. The Administrative Law Judge ("ALJ") agreed that substance abuse was material to Tippe's disabilities and denied benefits. Tippe appealed, and the Commissioner's Appeals Council remanded for consideration of a prior work performance assessment and new evidence.

After a second hearing, the ALJ again denied benefits in an October 6, 2014 decision. The ALJ concluded that Tippe had severe but not listed impairments throughout the period at issue -- anxiety disorder, depressive disorder, and personality disorder. Because Tippe testified that he has been free of substance abuse since July 2011, the ALJ separately considered whether he was disabled with and without substance abuse. See SSR 13-2p, 78 Fed. Reg. 11,939 (Mar. 22, 2013). The ALJ found that he was disabled prior to ending substance abuse but was not entitled to benefits, because the substance abuse was a contributing factor material to his disability.[1] For the later period, when Tippe was free of substance abuse, the ALJ weighed the extensive record evidence and determined that he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, so long as the work is not fast-paced and is limited to simple, routine tasks involving minimal interaction with others. Based on a vocational expert's testimony that a person with this RFC is capable of performing packager and warehouse worker jobs that exist in significant numbers in the national and local economy, the ALJ found that Tippe was not disabled.

---

[1]It is unclear whether Tippe's 73-page brief on appeal challenges this determination. If so, the challenge is without merit. Tippe admitted that he lost many jobs because of missed work during drug relapses. In response to a question by Tippe's attorney at the second hearing, the vocational expert testified that a person with more than two work absences a month is not able to work competitively.

After the Appeals Council denied review, Tippe commenced this action seeking judicial review of the ALJ's adverse decision. The district court[2] affirmed, concluding that the ALJ's determination is supported by substantial evidence on the administrative record as a whole. Tippe appeals. Applying the same deferential standard, we affirm. See Welsh v. Colvin, 765 F.3d 926, 927 (8th Cir. 2014).

On appeal, Tippe first argues the ALJ erred in failing to give controlling or substantial weight to the medical opinions of two examining psychiatrists at the University of Iowa Hospitals & Clinics, Dr. Aaron Kauer and Dr. Anvi Vora. Both doctors completed Medical Source Statement ("MSS") forms in which they checked boxes reporting that Tippe's abilities to function when not using drugs or alcohol were "markedly" limited. These limitations, if found by the ALJ, would require a determination that Tippe's anxiety disorder is disabling. 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.06(B). Dr. Vora completed the MSS form ten days after her treatment notes reported an interview in which Tippe stated that he "has been working towards SSI disability" and "will tell his lawyer that we are willing to help with this process." The ALJ gave these assessments "some" or "little" weight because "the statement regarding a limited ability to work is an issue reserved for the Commissioner," answers to form questionnaires that simply check off boxes are entitled to less weight, the pattern of marking limitations was the same on each form, and both physicians failed to address the fact that Tippe "does not comply with treatment."

"A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." House v. Astrue, 500 F.3d 741, 744 (8th Cir. 2007) (quotation omitted). However, treating physician opinions may receive limited weight if they are "conclusory or inconsistent with the record."

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

-3-

Julin v. Colvin, 826 F.3d 1082, 1088 (8th Cir. 2016). A treating physician opinion that fails to address treatment noncompliance and is conclusory, consisting of "checklist forms, cit[ing] no medical evidence, and provid[ing] little to no elaboration," is "properly discounted." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010). Tippe contends that his repeated noncompliance was a justifiable symptom of his mental impairments, citing Pate-Fires v. Astrue, 564 F.3d 935 (8th Cir. 2009). However, Pate-Fires is distinguishable because, as in Wildman, "there is little or no evidence expressly linking [Tippe's] mental limitations to [his] repeated noncompliance." 596 F.3d at 966. Like the district court, we conclude that substantial evidence supports the ALJ's determination to discount these opinions.

Tippe further argues that the ALJ erred in finding that his subjective claims regarding the effects of his mental impairments were not credible to the extent they conflicted with the ALJ's RFC determination. In weighing credibility, the ALJ considered Tippe's test results showing cognitive abilities within broad normal limits, repeated noncompliance with recommended courses of treatment, and "diverse" daily activities. The ALJ noted that Tippe's repeated refusal to follow proposed treatment "suggests that the symptoms may not have been as limiting as the claimant has alleged in connection with this application apart from substance abuse." We agree with the district court that the ALJ appropriately discredited the extent of Tippe's subjective complaints "based on a valid assessment" of the factors outlined in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

Tippe argues that the ALJ, in evaluating his limitations while sober, inappropriately relied on statements he made while abusing substances to "discount evidence of poor functioning" following sobriety. The ALJ noted that Tippe had said "he was going to 'milk' his unemployment for as much as he could," reported that he used his unemployment check for drugs and "would lie, steal, and cheat to get money for more drugs," and "admits to not trying hard to get work, especially while he had unemployment benefits." While most of these statements were made during Tippe's

-4-

period of substance abuse, they were relevant because (i) Tippe applied for benefits during that period, and (ii) the statements were relevant to his credibility during the period he claimed to be free of substance abuse. The ALJ extensively considered the record evidence of Tippe's impairments without substance abuse to determine whether those impairments were disabling. We agree with the district court that the ALJ adequately evaluated Tippe's limitations, both with and without substance abuse.

We have carefully considered the additional issues and arguments Tippe raises on appeal and found them to be without merit. Our review of the extensive administrative record persuades us that substantial evidence supports the ALJ's determination that Tippe was not disabled during the period from October 31, 2008 to October 6, 2014. Accordingly, the judgment of the district court is affirmed.

_____