**Earl D. DODD, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 91–3148.**

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1992.

Decided April 28, 1992.

Therese Schellhammer, Poplar Bluff, Mo., for appellant.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

PER CURIAM.

Earl Dodd appeals from the final order entered in the United States District Court[1] for the Eastern District of Missouri granting summary judgment in favor of Louis Sullivan, the Secretary of the Department of Health and Human Services (Secretary), and therefore denying Dodd disability benefits under 42 U.S.C. § 401 *et seq.* and supplemental security income benefits under 42 U.S.C. § 1381 *et seq. Dodd v. Sullivan,* No. S 90–0067–C (E.D.Mo. July 24, 1991). For reversal, Dodd argues that the district court erred in finding that there was substantial evidence to support the

---

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Secretary's denial of benefits because the Administrative Law Judge (ALJ) (1) improperly determined that he could perform medium range work, (2) improperly gave insufficient weight to his nonexertional impairments, and (3) improperly discounted Dodd's subjective complaints of pain. For the reasons discussed below, we affirm the order of the district court.

Dodd, a 58–year–old man, filed an application for disability insurance benefits and supplemental security income benefits, alleging a disability by reason of arthritis in both his shoulders and back. On October 18, 1989, a hearing was held before an ALJ. The evidence before the ALJ showed that Dodd had an eighth grade education. His last job was as a park maintenance worker and he was laid off in September 1988. He stated that he looked for work until January 1989, when he stopped because of back pain and problems in his right knee.

Dodd saw various doctors who performed tests and prescribed medication which Dodd said made him drowsy. Dodd complained of constant pain in his lower back and occasional pain in his upper back. He claimed that he could only perform an activity for 20 to 30 minutes before needing rest. Dodd said he could lift between 20 and 25 pounds and bend easily. Dodd's daily activities included going into town, helping his wife with gardening, watching television, visiting neighbors and fishing on two occasions (although he said that he could not sit in the boat for very long). Dodd's doctors recommended rest for his back pain, yet the doctors reported that Dodd had no trouble getting on and off the examining table and walking.

Dodd also testified about trouble with his knee and stated that at times he walked with a cane. His doctors had suggested surgery, but Dodd refused. Dodd saw doctors for his knee beginning in June, 1989, and various medications were prescribed.

Dodd also claimed he had a hearing problem which affected his hearing on the phone, but had no trouble with normal conversations.

The ALJ found that Dodd could not perform his past work because it involved lifting up to 100 pounds, but that Dodd had the residual functional capacity to perform the full range of medium work. The ALJ found that Dodd's subjective complaints of pain were not credible because he was able to perform normal daily activities, appeared to be financially motivated to qualify for disability benefits, did not seek frequent medical help or use assistive devices, and there was no evidence in the record that he told his doctors that his medication made him drowsy. The Secretary affirmed the denial of benefits. The district court, adopting the magistrate judge's[2] report and recommendation, affirmed.

Dodd first claims that the record does not support the Secretary's finding that he can perform medium range work because there is no evidence that he can lift up to 50 pounds and can be on his feet all day performing work. Dodd next claims that the Secretary erred in not finding he has nonexertional impairments which significantly limit his ability to perform medium range work. He claims that his nonexertional impairments harm his ability to stand, walk, squat, bend and lift. Finally, Dodd claims that the Secretary erred by discounting evidence of pain and drowsiness as nonexertional impairments which effect his ability to engage in gainful employment.

The Secretary argues the denial of benefits is analytically correct and supported by substantial evidence. The Secretary points out that Dodd only recently began seeing a doctor regularly, exhibited normal movement in his back, and did not use a back brace. The Secretary argues that Dodd only told his doctor that his knee hurt "off and on" and refused the suggested surgery. The Secretary also points to Dodd's various daily activities, such as shopping, fishing, and fixing a bicycle, as evidence of his ability to perform medium range work.

2. The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

The Secretary argues that there is no evidence which indicates that the ALJ was incorrect in finding that Dodd can lift 50 pounds.

We have reviewed the record and hold that the Secretary's decision is supported by substantial evidence and therefore affirm the order of the district court. *See* 8th Cir.R. 47B.