# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3403

_____

| | |
|---|---|
| Sherry J. Troupe, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Arkansas. |
| JoAnne B. Barnhart,[1] Acting | * |
| Commissioner, Social Security | * [UNPUBLISHED] |
| Administration, | * |
| | * |
| Appellee. | * |

_____

Submitted: February 20, 2002
Filed: April 1, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

_____

[1]JoAnne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Sherry J. Troupe appeals the District Court's[2] order affirming the Commissioner's denial of disability insurance benefits. After a careful review of the record, see Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (standard of review), we affirm.

In her May 1995 application Troupe alleged disability since November 1993 from back problems; her insured status expired in March 1999. After a November 1996 hearing, an administrative law judge (ALJ) issued an April 1997 adverse decision. In May 1998 the Appeals Council declined review after considering records related to an April 1997 back surgery. The District Court remanded for further consideration and development of the record, reasoning that the ALJ could not have considered key medical evidence supporting Troupe's subjective complaints when he did not have the records submitted to the Appeals Council. On remand, after a February 2000 hearing was held and Troupe submitted more records, another ALJ found that Troupe had the residual functional capacity (RFC) to perform a full range of sedentary work and thus she was not disabled. The Appeals Council thereafter denied review, the District Court affirmed, and Troupe appeals.

Troupe generally contends that the ALJ erred in finding her not credible. We disagree. In discrediting Troupe's subjective complaints to the extent alleged, the ALJ cited Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and noted that the medical findings and Troupe's daily activities (as reported in 1996) were inconsistent with disabling pain; her physicians had not placed on her the level of exertional limitations she claimed; and following her April 1997 surgery, Troupe had not sought medical treatment until June 1999 after her insured status had expired. See Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (explaining that if ALJ gives good

_____

[2]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

reason for discrediting claimant, court will defer to ALJ's judgment even if every Polaski factor is not discussed in depth); Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994) (affirming ALJ's decision where claimant's failure to seek medical treatment for pain lent support to view that complaints of pain were exaggerated). While Troupe suggests that her three back surgeries in themselves established disabling pain, the record reflects that she worked for a number of years after her 1977 surgery; her neurosurgeon Dr. Arthur released her to work light duty after her 1994 surgery; Dr. Arthur's May 1997 note after her April 1997 surgery did not specify why she could not work "in the foreseeable future," see Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (holding that treating physician's opinion deserves no controlling weight when it merely consists of vague and conclusory statements); and Troupe did not report pain leading to her October 1999 spinal hardware removal until three months after her insured status had expired.

Troupe also argues that there is not substantial evidence supporting the ALJ's conclusion as to her RFC. This argument likewise fails. It was the ALJ's responsibility to determine Troupe's RFC "based on all relevant evidence, including [Troupe's] medical records, observations of treating physicians and others, and [her] own description of [her] limitations." Pearsall, 274 F.3d at 1217. The ALJ properly discredited Troupe's subjective complaints. His RFC findings were more limited than those of Dr. Arthur after Troupe's 1994 surgery, or of the Social Security Administration reviewing physician in May 1996; Dr. Arthur's May 1997 note failed to specify the nature or expected duration of any work-related limitations, and on remand Troupe submitted no clarifying opinions from Dr. Arthur, see 20 C.F.R. § 404.1505(a) (2001) (medically-determinable disabling impairment must last or be expected to last more than twelve months); and the record does not reflect any activity restrictions placed on Troupe by Dr. Arthur following the 1999 hardware removal (after Troupe's insured status had expired).

Accordingly, we affirm.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.