# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3215

_____

Lynn D. Sarna,                  *

                            *

        Appellant,          *

                            *   Appeal from the United States

    v.                      *   District Court for the

                            *   Eastern District of Arkansas.

Jo Anne B. Barnhart,[1]      *

Commissioner of Social Security,  *       [UNPUBLISHED]

                            *

        Appellee.          *

_____

Submitted: March 7, 2002

Filed:  April 5, 2002

_____

Before LOKEN, BEAM and RILEY, Circuit Judges.

_____

PER CURIAM.

Lynn D. Sarna (Sarna) appeals the district court's[2] grant of judgment in favor of the Social Security Commissioner affirming the denial of disability insurance

_____

[1]Jo Anne B. Barnhart is substituted for former Acting Commissioner of Social Security Larry G. Massanari as appellee in this action under Fed. R. App. P. 43(c)(2).

[2]The late Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

benefits. Sarna applied for benefits in April 1996 and alleges disability since June 30, 1989, stemming from Lupus.[3] After the Commissioner denied Sarna's application initially and again upon reconsideration, the Commissioner granted Sarna a hearing before an Administrative Law Judge (ALJ). The ALJ determined Sarna was not disabled as defined in the Social Security Act. The district court affirmed the Commissioner's decision to deny benefits and we affirm.

Review of Sarna's action is taken pursuant to 42 U.S.C. § 405(g). We must affirm the decision of the ALJ if it is supported by substantial evidence in the record as a whole. Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Id. (quoting Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001)).

> In determining whether the existing evidence is substantial, we must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome.

Hutton v. Apfel, 175 F.3d 651, 654 (8th Cir. 1999) (alteration in original) (internal quotation and citations omitted). It is not our task to make an independent evaluation of the facts or to reverse the ALJ's holding merely because the record contains evidence to contradict his findings. See Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir. 1996).

In order to receive disability insurance benefits, Sarna is required to establish she was disabled before December 31, 1994, the expiration date of her insured status

---

[3]Sarna first sought benefits in 1990, but did not challenge the denial of benefits at that time.

under the Act.  See Pyland v. Apfel, 149 F.3d 873, 876-77 (8th Cir. 1998) (applicant must establish disability existed before expiration of insured status).  Although, the ALJ found Sarna suffered severe Lupus and degenerative disc disease while she was insured, the ALJ found Sarna was not disabled under the Act.  The ALJ found Sarna's statements were not consistent with documentary reports and were not entirely credible.  The ALJ concluded Sarna's impairments did not prevent her from performing her past relevant work as a secretary and medical transcriptionist.

Sarna alleges the ALJ erred in three significant respects.  First, Sarna argues the ALJ did not give proper weight to her treating physician Dr. Martindale's January 13, 1997 letter.  The four-line letter addressed "To Whom It May Concern" describes Sarna's ailments and diagnosis of systemic Lupus erythematosus and concludes, "she is really disabled to work.  She was disabled when I first saw her on November 11, 1993."  In contrast, another treating physician, Dr. Holt, diagnosed Sarna with undifferentiated connective tissue disease and noted that Sarna was doing relatively well and feeling better in May 1992.  Furthermore, the medical records in evidence reflect both improvements and setbacks during Sarna's ongoing treatment for symptoms from weakness and malaise to hurting all over and diarrhea.  In December 1994, Dr. Martindale noted Sarna's subjective complaints of chest tightness and leg cramps.  Dr. Martindale's notes reflect a plan to decrease Sarna's medication over time.  After review of the medical records, the ALJ rejected Dr. Martindale's disability conclusion because such conclusion was inconsistent with the progress reports which were made at the time of treatment, and the conclusion was not supported by laboratory or clinical evidence.

The ALJ is in the best position to gauge the credibility of testimony and is granted deference.  Estes, 275 F.3d at 724.  Further, "the ALJ may reject the opinion of any medical expert where it is inconsistent with the medical record as a whole." Id. at 725 (citing Pearsall v. Massanari, 274 F.3d 1211, 1218-19 (8th Cir. 2001)).  In fact, it is the ALJ's function to resolve conflicts among the physicians and witnesses.

-3-

Id. Finally, a treating physician's opinions are not conclusive and must be supported by clinical or diagnostic evidence. See Wilson v. Chater, 76 F.3d 238, 241 (8th Cir. 1996); see also Cruze v. Chater, 85 F.3d 1320, 1324-25 (8th Cir. 1996) (deciding treating physician's opinion "does not automatically control, since the record must be evaluated as a whole."); Metz v. Shalala, 49 F.3d 374, 377 (8th Cir. 1995) (determining that where a physician's opinion is merely a conclusory statement, it is not entitled to greater weight than any other physician's opinion). We find no error in the amount of weight assigned by the ALJ to Dr. Martindale's 1997 letter.

Sarna's second argument is that the ALJ erred in his finding that Sarna could perform her past relevant work as a secretary and medical transcriptionist. Sarna makes no specific argument, but generally states only that the ALJ's finding is not supported by substantial evidence and Sarna met her burden of showing she could not do her past relevant work.

The evidence in the record describes Sarna's employment as a secretary and medical transcriptionist from 1987 to 1989. Sarna and a former coworker, Janet Shelnutt, testified Sarna became confused at work related to her fatigue and other symptoms. The medical records do not contain evidence of Sarna's confusion in support of her inability to continue her past relevant work. In August 1989, Dr. Holt noted Sarna was "having trouble focusing her eyes and was questionably confused" with "poor memory." Later in August, Dr. Holt noted the memory problem had improved and was likely related to tiredness. In September 1989, Sarna's loss of memory was "markedly better." In September 1994, Dr. Martindale noted Sarna indicated "[h]er thinking is okay." However, later in June 1995, Sarna complained of "intermittent confusion" in a medical and physical history. In March 1997, Dr. Rogers assessed Sarna's ability to do work related activities. Dr. Rogers opined Sarna had some lifting restrictions, could walk four hours and sit for eight hours in an eight-hour work day. Dr. Rogers's final assessment was Sarna could "perform no more than mild to moderate physical tasks."

The ALJ determined "[Sarna's] past relevant work as a secretary/medical transcriptionist did not require the performance of work functions precluded by her medically determinable impairments." Additionally, the ALJ determined Sarna's statements regarding her impairments and ability to work on the date her insured status expired "are not entirely credible in light of discrepancies between the [claimant's] assertions and information contained in the documentary reports."

We find there is substantial evidence in the record to support the ALJ's determinations regarding Sarna's ability as of December 31, 1994, to perform past relevant work. See Haley v. Massanari, 258 F.3d 742, 748 (8th Cir. 2001) (holding the ALJ may discredit complaints of claimant where inconsistencies appear in record); see also Pyland, 149 F.3d at 876-77 (evidence of claimant's later disability can be relevant to elucidate earlier condition); 20 C.F.R. § 404.1508 (1999) (mental impairment must be established by medical evidence, not only by claimant's statement of symptoms).

Finally, Sarna argues the ALJ erred in his failure to have a vocational expert at the hearing. We find this argument without merit. The use of a vocational expert may become necessary where, unlike here, the ALJ finds the claimant could not perform her past relevant work. See Kelley v. Callahan, 133 F.3d 583, 587-88 (8th Cir. 1998) (describing five-step process). In this case, Sarna had the burden to show that she had a "medically determinable impairment which precludes performance of previous work." See Johnston v. Shalala, 42 F.3d 448, 451 (8th Cir. 1994) (quoting Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir. 1987)). Since, we believe substantial evidence in the record supports the ALJ's conclusion that Sarna has not demonstrated she cannot perform past relevant work, no vocational expert was necessary to testify regarding what other types of jobs Sarna would be able to perform.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.