# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2911

_____

| | | |
|---|---|---|
| Theresa Ramirez, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jo Anne B. Barnhart, | * | Southern District of Iowa |
| Social Security Commissioner, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 15, 2002

Filed: June 5, 2002

_____

Before McMILLIAN and RILEY, Circuit Judges, and KORNMANN,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Theresa Ramirez ("Claimant") appeals from a final judgment entered in the United States District Court[2] for the Southern District of Iowa affirming the decision

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

of the Social Security Administration ("SSA") to deny her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Ramirez v. Halter, No. 4-00-cv-10196 (S.D. Iowa June 4, 2001) (memorandum and order). For reversal, Claimant argues that the district court erred in evaluating her subjective complaints of pain and in finding substantial evidence in the record to support the decision of the administrative law judge ("ALJ") that Claimant was able to return to light work. For the reasons discussed below, we affirm the judgment of the district court.

## Jurisdiction

Jurisdiction in the district court was proper based upon 42 U.S.C. §§ 405(g) and 1383(c)(3). Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

Prior to her application for benefits, Claimant's past work experience consisted entirely of: waitressing from July 1986 to October 1987, performing janitorial work from October 1987 until February 1988, clerking in a retail store from December 1994 until December 1995, and parking cars as a valet from August 1995 until December 1995. Claimant filed for SSI benefits in October 1996,[3] alleging an inability to work since October 1993 as a result of chronic lower back problems. The SSA initially denied Claimant's application for benefits, and again denied benefits following a requested hearing before an ALJ. The SSA Appeals Council subsequently affirmed the denial of benefits, and pursuant to 42 U.S.C. § 405(g), Claimant appealed that decision in federal district court.

---

[3]Ramirez first sought benefits in December 1995, but did not challenge the denial of benefits at that time.

The SSA record documents Claimant's treatment for back pain from May 1993 until June 1998. Over that five-year period, Claimant received continuous treatment from her primary care physician as well as several specialists. Following injuries in October and December 1993, Claimant complained of back and leg pain. Claimant's complaints continued even after she had back surgery to repair a herniated disc in July 1994. In January 1996, Claimant became pregnant, which exacerbated her back pain and prompted difficulty sleeping. During her pregnancy, in August 1996, Claimant sought emergency room treatment for elevated back pain after doing strenuous lifting during a move. In September 1996, Claimant delivered her baby. At that time, an x-ray revealed a slight narrowing of disc space at three places in her spine compared to an x-ray taken a year earlier.

Throughout the course of Claimant's medical treatment, she repeatedly was prescribed painkillers as well as physical therapy exercises, which she admitted neglecting. Beginning in October 1996, Claimant began taking diet pills in an effort to lose weight to alleviate some of her back pain. In December 1996, Claimant's primary physician noted that Claimant was becoming depressed as a result of her inability to lose weight in addition to her chronic back pain, and he prescribed Prozac. Claimant discontinued the diet pills because they conflicted with the Prozac. Later, in April 1997, Claimant stopped taking the Prozac and resumed taking diet pills.

In January 1997, Claimant was examined by Dr. McGuire, an orthopaedic surgeon, who diagnosed her with mild sciatica. Dr. McGuire did not credit Claimant's pain complaints, believing instead that she inaccurately perceived her pain and magnified her symptoms. In addition, he refused to perform another surgery on the basis of her pain complaints and prescribed physical therapy instead.

In April 1997, Eva Christiansen, Ph.D., performed a psychological evaluation on Claimant at the request of the Disability Determination Service. During the two-hour session, she noted that Claimant complained of pain and alternated sitting and

standing.  The test results showed a verbal IQ of 73, a performance IQ of 79, and a full scale IQ of 75, which placed Claimant's overall level of functioning in the borderline range.  Dr. Christiansen concluded that (1) Claimant would be able to adequately remember and understand instructions to perform basic tasks and some routine and modeled concrete tasks, (2) her judgment was adequate for basic tasks and pace was not a problem, (3) changes in the workplace might require additional adjustment time, and (4) Claimant's attention and concentration might vary depending upon her pain.

In July 1997, Claimant consulted Dr. Allaire, who performed a physical exam and found essentially normal results demonstrating Claimant's ability to walk on her heels and toes without pain, her ability to perform deep knee bends, full range of motion in her lumbar region, no gross sensory deficits, no muscle atrophy, and normal strength testing in the lower extremities.  Dr. Allaire performed a lumbar caudal epidural steroid injection to reduce inflammation, after which Claimant felt significant relief.  In September 1997, Claimant was examined by Dr. Hitchon, another back specialist.  Again, her test results were essentially normal, except for slightly diminished sensory perception on her right side.

In October 1997, Claimant began a three-week treatment program at a pain clinic, where she received pain management lessons.  In addition, she was injected with pain medication at multiple trigger points and her sleeping pill dosage was increased.  Her doctor at the pain clinic, Dr. Blessman, believed that her pain was manageable through medication, although he questioned Claimant's emotional stability.  In January 1998, Dr. David Boarini, who had treated Claimant for back problems since 1995,  examined Claimant and found no objective medical evidence to account for her pain complaints, and suggested that she exercise and lose weight.

At Claimant's SSA disability hearing, held in February 1998, Claimant testified that she had experienced continuous pain since 1995 and that it had become so severe

that she could no longer find relief or concentrate on anything. Claimant further testified that she was essentially unable to care for her four children – ranging in age from thirteen years old to seventeen months old – without the help of her husband and the children themselves. She explained that she does drive a car, but prefers not to because she does not like to sit down, and that shopping and housecleaning frequently were done by others. The hearing record reflected that Claimant alternated sitting and standing at two to three minute intervals, which she indicated was customary. Claimant also testified that she had to lie down up to six hours during each day to relieve her pain. She estimated that she could stand for no more than ten minutes at a time, and asserted that she followed her prescribed physical therapy exercise program. She claimed that she could not lift more than a gallon of milk at a time, and that she could not perform the demands of any of her past work because she could not stand, lift or move about as required.

At the time of the hearing, Claimant was 29 years old. Claimant testified that she had taken special education classes at school, where she had problems with math. During the hearing she could not perform simple subtraction or division in her head. Lois Smidt, a family development specialist, testified that she had visited Claimant two or three times a month for two years and observed Claimant's difficulty reading as well as her manifestations of pain, including getting up and down, wincing, and lying down. In early July 1997, Smidt saw Claimant on the floor in pain and helped her get treatment.

After the hearing, Claimant submitted records of her continuing medical treatment, including reports of more trigger point injections in March and April 1998, and Dr. McGuire's decision to perform the back surgery he had previously refused. On June 25, 1998, the ALJ issued the decision to deny SSI benefits based upon the lack of credibility of Claimant's pain complaints coupled with the lack of objective medical evidence in the record to substantiate those pain complaints. On June 4,

2001, the district court affirmed the decision of the SSA, finding sufficient evidence in the record to support the ALJ's credibility determination. This appeal followed.

**Discussion**

I.  Evaluation of Subjective Pain Complaints

Claimant contends that the ALJ improperly evaluated her subjective complaints of back pain by erroneously requiring objective medical evidence to substantiate the severity of her pain. Claimant argues that the ALJ's decision conflicts with this court's holding in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (Polaski), which does not require direct medical evidence of the cause and effect relationship between the impairment and the pain.

Pursuant to the Social Security Act, the SSA follows a sequential evaluation process in determining disability. See 20 C.F.R. § 416.920. During the five-step process, the ALJ considers whether (1) the claimant is gainfully employed, (2) the claimant has a severe impairment, (3) the impairment meets the criteria of any SSI listings, (4) the impairment prevents the claimant from performing past relevant work, and (5) the impairment necessarily prevents the claimant from doing any other work. Id. If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled. Id. In the present case, the ALJ completed four of the five steps in the evaluation process, concluding that (1) Claimant had not engaged in substantial gainful activity since October 1993, (2) Claimant had a severe back impairment and non-severe borderline intellectual functioning, (3) Claimant's impairments did not meet or equal the criteria of any impairments listed in the SSI regulations, and (4) although Claimant lacks the residual functional capacity to perform more than light exertional work, her past work experience did not require more than light exertional work, and therefore her impairments did not prevent her from performing her past relevant work.

In determining the fourth factor, Claimant's residual functional capacity to perform a range of work activities in spite of her impairments, the ALJ must evaluate the credibility of the testimony regarding subjective pain complaints. See Polaski, 739 F.2d at 1320. In so doing, the ALJ must consider: (1) a claimant's daily activities, (2) the duration, frequency, and intensity of pain, (3) precipitating and aggravating factors, (4) dosage, effectiveness, and side effects of medication, and (5) residual functions. Id. Claimant argues that the ALJ erroneously evaluated the Polaski factors and instead improperly relied solely on objective medical evidence to corroborate her pain complaints.

While Claimant correctly asserts that an ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, see Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a Claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary. See 20 C.F.R. §§ 416.908, 416.929 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged); Sarna v. Barnhardt, 32 Fed.Appx. 788, 791 (8th Cir. 2002) (explaining that "it is the ALJ's function to resolve conflicts among the physicians and witnesses"); Black v. Apfel, 143 F.3d 383, 388 (8th Cir. 1998) (upholding denial of benefits where no objective medical evidence supported claimant's subjective pain complaints). In the present case, the record illustrates that the ALJ performed a thorough Polaski analysis to determine the credibility of Claimant's subjective pain complaints. We will defer to the ALJ's findings when they are sufficiently substantiated by the record. See Sarna v. Barnhardt, 32 Fed.Appx. at 791 ("[t]he ALJ is in the best position to gauge the credibility of testimony and is granted deference"); Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (deferring to ALJ's judgment when good reason is given for discrediting claimant's subjective pain complaints).

In making the credibility determination, the ALJ weighed heavily Claimant's poor prior work record and the fact that her prospective SSI benefits would exceed the amount she was able to earn while working, reasoning that the evidence suggested that Claimant was not motivated to work.[4] See Black v. Apfel, 143 F.3d at 388 (considering claimant's relevant work history and absence of objective medical evidence to support subjective pain complaints when assessing claimant's level of pain). The ALJ also discounted the credibility of Claimant's subjective pain complaints because Claimant's testimony about her impaired functioning, as well as her prior behavior, did not correspond to the complaints recorded in her medical history. Specifically, the ALJ noted Claimant's engagement in activities such as driving a three-wheeled vehicle and shoveling snow, as well as her ability to drive, clean, shop and care for children at least to some extent. See Haley v. Massanari, 258

_____

[4]The author notes that, although this court has recognized that an ALJ may consider a claimant's financial motivation to qualify for benefits while assessing the credibility of a claimant's subjective pain complaints, see Dodd v. Sullivan, 963 F.2d 171, 172 (8th Cir. 1992), he does not suggest that such motivation should be dispositive, because all disability claimants are financially motivated to some extent. See, e.g. Fox v. Apfel, 980 F. Supp. 312, 317 (S.D. Iowa 1997) ("In the opinion of this Court [sic], the case at bar does not turn on whether or not Plaintiff is [financially] motivated to qualify for benefits. Were Plaintiff not motivated to qualify for benefits, she probably would not have made an application."). Rather, a claimant's financial motivation may contribute to an adverse credibility determination when other factors cast doubt upon the claimant's credibility. See Banks v. Massanari, 258 F.3d 820, 833 (8th Cir. 2001) (Heaney, J., dissenting) ("in Dodd v. Sullivan, the court was simply stating that *one* of the reasons the ALJ found Dodd's subjective complaints of pain not credible was because he appeared to be financially motivated to qualify for disability benefits, and there was some evidence of malingering, given the lack of medical documentation for his claim." (emphasis added) (citation omitted)). In the present case, Claimant's financial motivation to qualify for benefits is only one part of the credibility determination, considered in conjunction with the opinions of Claimant's doctors questioning the extent of her actual pain as well as her ability to work in light of the amount of pain they observed and credited.

F.3d 742, 748 (8th Cir. 2001) ("[i]nconsistencies between subjective complaints of pain and daily living patterns diminish credibility"); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996) (affirming ALJ's discount of claimant's subjective complaints of pain where claimant was able to care for one of his children on daily basis, drive car infrequently, and go grocery shopping occasionally). While the ALJ did credit some of Claimant's pain complaints, she also found that Claimant often failed to continue treatment by refusing to see a dietician to lose the weight exacerbating her back pain, neglecting to take prescribed medication and failing to perform her prescribed physical therapy exercises. See Dunahoo v. Apfel, 241 F.3d at 1038 (claimant's failure to follow prescribed course of treatment weighed against credibility when assessing subjective complaints of pain).

The ALJ weighed most heavily the actual medical opinions of Claimant's treating physicians. Specifically, the ALJ credited the results of Dr. Hitchon's September 1997 examination finding basically normal functioning; Dr. Boarini's January 1998 examination showing no objective findings to substantiate Claimant's pain; and Dr. McGuire's medical opinion that Claimant exaggerated her pain and symptoms. An ALJ is permitted to make credibility determinations about the authenticity of a claimant's subjective pain complaints. See Troupe v. Barnhardt, 32 Fed.Appx. 783, 784 (8th Cir. 2002) (affirming denial of benefits where ALJ discredited claimant's subjective pain complaints to extent alleged in light of medical findings and claimant's daily activities); Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994) (affirming denial of benefits when "ALJ methodically discredited [the claimant's] account of the extent of her pain," citing inconsistencies with daily activities, following prescribed course of treatment, and objective medical findings).

As a result, we conclude that the ALJ properly considered all the evidence – including Claimant's subjective pain complaints – and concluded that Claimant's pain was not so severe that it prevented her from engaging in her prior work. In so doing, the ALJ correctly employed the Polaski analysis. Therefore we hold that the district

court did not err in affirming the ALJ's evaluation of Claimant's subjective complaints of pain.

II.    Substantial Evidence in the Record

Claimant next argues that the ALJ's decision was not supported by substantial evidence in the record as a whole because the ALJ improperly discounted the credibility of Claimant and the testimony of the family development specialist regarding Claimant's subjective allegations of pain in contradiction of Polaski. Claimant contends that every doctor that examined her credited her pain and she was treated consistently with injections and strong pain medication. Claimant also claims that the ALJ improperly found that her daily activities contradicted her allegations of pain.

We will affirm if the findings of the ALJ are supported by substantial evidence in the record as a whole. Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." Estes v. Barnhardt, 275 F.3d 722, 724 (8th Cir. 2002) (quoting Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001)). We examine evidence both supporting and detracting from the decision, and must affirm if one of two feasible inconsistent positions drawn from the evidence supports the Commissioner's findings. Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir. 1996).

We have determined already that the ALJ properly performed the Polaski analysis in evaluating Claimant's subjective pain complaints and the extent to which her pain interfered with her daily activities. Furthermore, we noted the ALJ's reasoning that, while Claimant was impaired, she nonetheless retained the residual functional capacity to perform light work in spite of her impairments. We therefore hold that the objective medical evidence, coupled with the ALJ's credibility

determination of Claimant's pain complaints, constitutes substantial evidence in the record to support the ALJ's denial of SSI benefits.

## Conclusion

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.