**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REBECCA L. SMITH,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant  -Appellee.

No.  02-3193
(D.C. No. 01-CV-2431-KHV)
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rebecca L. Smith appeals from the district court's ruling affirming appellee's denial of Social Security disability insurance benefits. Claimant applied for benefits in 1998, alleging disability as of November 25, 1997, due to severe shoulder and neck pain, numbness in her right hand and pain in her knees. Her application was denied initially and upon reconsideration. At a hearing before an administrative law judge (ALJ), claimant and her husband testified, along with a vocational expert (VE). The ALJ concluded that claimant was not disabled. In reaching this conclusion, the ALJ discounted a residual functional capacity (RFC) assessment by one of claimant's treating physicians, Dr. McKee, and concluded that neither claimant nor her husband were fully credible in their testimony at the hearing.

To qualify for disability insurance benefits, claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The agency has established a five-step sequential test for evaluating disability. *See* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five steps). Applying the first four steps of the test, the ALJ in this case determined that claimant was not presently engaged in any substantial gainful activity; claimant

-2-

had severe impairments, but they did not meet any of the listings; and claimant's impairments prevented her from returning to her past relevant work. These conclusions are not at issue on appeal.

Because claimant bore her burden of proof on the first four steps, she established a prima facie case of disability. *Williams*, 844 F.2d at 751. The burden of proof shifted to the agency at step five to show that claimant retained the RFC to "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quotation omitted). Here, after rejecting Dr. McKee's assessment and the testimony of both claimant and her husband, the ALJ concluded that claimant retained the RFC to perform certain jobs enumerated at the hearing by the VE, specifically surveillance system monitor, information clerk, and photocopy machine operator.

On appeal, claimant presents three arguments challenging the ALJ's decision. She contends that 1) the ALJ wrongly rejected her credibility merely because the severity of her alleged pain and limitations were not fully corroborated by medical evidence; 2) the ALJ erred in failing to give controlling weight to Dr. McKee's RFC assessment; and 3) the requirements of the jobs listed by the VE at the hearing are inconsistent with the RFC the ALJ concluded claimant retained. Our review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether he applied the correct

legal standards. *White v. Massanari,* 271 F.3d 1256, 1257 (10th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted). This court will not reweigh the evidence as it evaluates the record, nor will it substitute its judgment for that of the agency. *Id.* (quotation omitted). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Williams* , 844 F.2d at 750 (quotations omitted).

"An ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record." *McGoffin v. Barnhart* , 288 F.3d 1248, 1252 (10th Cir. 2002) (quotation omitted). If the ALJ rejects the treating physician's opinion, he must state specific, legitimate reasons for doing so. *Drapeau v. Massanari* , 255 F.3d 1211, 1213 (10th Cir. 2001) (quotation omitted). Here, in light of the record medical evidence, we conclude that the ALJ failed to provide such reasons.

Dr. McKee's assessment was completed on a form which asked for both functional limitations and the medical findings which supported each particular limitation or set of limitations. Dr. McKee indicated what he concluded were claimant 's limitations and noted as supporting findings severe muscle spasms in the cervical, trapezius, and paraspinal muscles, degenerative changes shown on

-4-

claimant 's cervical X-rays, and myofascial pain. He noted the presence of both cervical and back pain, and, specifically, that examination had shown degenerative changes in claimant 's cervical spinal fluids. At the end of the form, Dr. McKee wrote a paragraph which stated that claimant had gone through a complete work up and treatment for her chronic myofascial pain syndrome, which included multiple modalities of treatment. He noted that the results were disappointing. The ALJ rejected this assessment because, he stated, it was not supported by any objective medical evidence or clinical findings. He characterized the medical evidence as establishing only mild arthritic changes resulting in some range of motion limitations, but few additional symptoms.

Our review of the record indicates otherwise. Claimant 's medical record contains many findings and diagnoses other than mild arthritic changes. At various times, her treating and examining physicians have concluded that she has 1) mild or greater central spinal stenosis at C5-6 secondary to a small or moderate ventral bulging disc; 2) a bone spur, resulting in marked attentuation of the cervical chord; 3) adjustment reaction with mixed emotions secondary to chronic pain; 4) musculoskeletal neck pain; 5) cervical radiculopathy; 6) myofascial pain with evidence of thoracic outlet syndrome; 7) cervical spasm and right arm parathesias of unknown origin, 8) possible fibromyalgia; 9) degenerative arthritis, 10) chondromalicia patella; 11) chronic myofascial pain; 12) tension headaches;

12) lateral epicondylitis bilaterally; and 13) peripheral nerve entrapment. None of the supporting medical findings Dr. McKee noted in his RFC assessment are, as the ALJ claimed, inconsistent with the medical record as a whole. Accordingly, the ALJ's reason for rejecting Dr. McKee's assessment is not substantiated in the record and must be reversed.

Although this error by itself requires reversal, we feel compelled to comment about the ALJ's credibility determinations, on which he relied to reject claimant's allegations of disabling pain and other limitations. The ALJ concluded that claimant's subjective complaints were not credible because her allegations were exaggerated and refuted by the objective medical evidence; she appeared histrionic at the hearing; her daily activities were inconsistent with her allegations; and she had a sporadic work history. We recognize that credibility determinations are "peculiarly the province of the finder of fact," *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted), and we cannot review the ALJ's observations or opinion of claimant's demeanor at the hearing. Nonetheless, we conclude that the record does not support the balance of the reasons given for discrediting claimant's testimony. Further, the ALJ found claimant's husband's testimony less than fully credible because he had a financial outcome in the proceedings and because he was not a competent medical source. Without considering whether financial gain may be used as a factor to discount a

-6-

witness's credibility, *cf. Ramirez v. Barnhart*, 292 F.3d 576, 581 n.4 (8th Cir. 2002), we conclude that claimant's husband need not be a medical source before his testimony about claimant's daily activities and perceived limitations may be considered credible.

There must be a link between the medical evidence and a claimant's subjective complaints, but this court has held that the link need be only a "loose nexus." *Luna v. Bowen*, 834 F.2d 161, 164 (10th Cir. 1987). The ALJ's analysis of claimant's allegations and her husband's testimony in comparison with the medical evidence contradicts the "loose nexus" ruling in *Luna* and requires claimant to prove the severity of her pain and resulting limitations through medical test results alone. We have rejected this concept as contrary to applicable law. *Id.* at 165. "If objective medical evidence must establish that severe pain exists, subjective testimony serves no purpose at all." *Id.* Agency regulation is in accord. *See* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements.").

"[I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to required consideration of all relevant evidence." *Luna*, 834 F.2d at

164. In other words, so long as there exists a medical basis for the pain claimant alleges, the ALJ should consider subjective testimony about the extent of her pain and resulting limitations. We conclude that the record supports the existence of conditions which could reasonably be expected to produce some pain. All of claimant 's treating sources acknowledged her pain and attempted to relieve it; none of them suggested that she was exaggerating her pain or other symptoms. In examining the subjective testimony on remand, the ALJ should consider factors such as the medications claimant has taken and their effectiveness; the extent of her attempts to obtain relief and the frequency of her medical visits; and the extent and nature of her daily activities. *See Kepler*, 68 F.3d at 391.

Because we reverse the agency's denial of benefits on claimant 's second issue, we need not consider her remaining allegations of error. The judgment of the United States District Court for the District of Kansas is REVERSED, and this case is REMANDED for further administrative proceedings consistent with this order and judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge