# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2022

_____

| | | |
|---|---|---|
| Nora D. Terry, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jo Anne B. Barnhart, Commissioner, | * | Eastern District of Arkansas. |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 3, 2003

Filed:  December 8, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Nora Terry appeals the district court's decision upholding the Commissioner's denial of her application for disability insurance benefits and supplemental security income.  After careful review, see Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (standard of review), we conclude that remand is required for further development of the record.

Following a hearing, the Administrative Law Judge (ALJ) found that Terry had severe impairments, including chest pain, valvular heart disease, uncontrolled

hypertension, lumbar strain, newly diagnosed and uncontrolled diabetes, anemia, depression, and personality disorder, but that her impairments did not meet the severity of a listed impairment. The ALJ concluded that Terry had the residual functional capacity (RFC) to perform her past relevant work (PRW) as a cashier, based on Vocational Expert (VE) testimony. In partially discrediting Terry's testimony, the ALJ noted that Terry's actions did not show she was experiencing debilitating pain or overwhelming mental problems, that her complaints were inconsistent with the objective medical evidence and other evidence in the record, and that her "poor work history" and subsistence on welfare detracted from her credibility.

Terry argues on appeal that the ALJ could not conclude she could return to her PRW without developing the record as to her previous job duties. An ALJ may classify a claimant's PRW based either on its actual functional demands, or on its demands as generally required by employers in the national economy. See 20 C.F.R. § 404.1520(e) (2001); Evans v. Shalala, 21 F.3d 832, 833-34 (8th Cir. 1994). Thus, if the hypothetical to the VE was proper, then the VE testimony could constitute sufficient evidence that Terry could perform the cashier job as it is generally performed in the national economy. We are concerned, however, that the ALJ's hypothetical may have improperly excluded some of Terry's limitations.

Because Terry did not challenge the ALJ's credibility determination in the district court, we review for a manifest injustice. See Misner v. Chater, 79 F.3d 745, 746 (8th Cir. 1996). We are troubled by several of the bases on which the ALJ discredited Terry's subjective complaints. First, the ALJ did not discuss the opinions of Terry's treating physician, Dr. Campbell, that she could stand or walk only 0-2 hours and sit only 3-4 hours in an 8-hour workday, that she could lift less than 10 pounds, and that she could not bend, squat, or kneel. The ALJ also neglected to discuss the opinion of Dr. Owens, from the Arkansas Rehabilitation Services, that Terry could not stoop, bend, kneel, push, or pull. We have found no evidence

-2-

contradicting these assessments in the record, and yet the ALJ did not credit (or even mention) these limitations. See Ramirez v. Barnhart, 292 F.3d 576, 581 (8th Cir. 2002) (ALJ may not disregard subjective complaints solely because they are not fully supported by objective medical evidence, but may disregard complaints in light of contrary objective medical evidence). Second, we question the ALJ's reliance on Terry's "poor work history" and subsistence on welfare. Terry's reports of her work history, although inconsistent in some respects, nonetheless indicate that she worked full-time fairly consistently from 1992 to 1999.

We find the ALJ's only remaining basis for discrediting Terry's complaints-- his own observations at the hearing--was insufficient, given the problems with his other reasons. Thus, we reverse the judgment of the district court and remand with instructions to remand to the Commissioner for further development of the record regarding Terry's physical RFC, including explicit consideration of the opinions of Drs. Campbell and Owens.

_____