# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-2374

————————

Diane Tuttle,                                    *
                                                 *
        Appellant,                       *
                                                 *  Appeal from the United States
    v.                                          *  District Court for the
                                                 *  Southern District of Iowa.
Jo Anne B. Barnhart, Commissioner of  *  [Unpublished]
the Social Security Administration,      *
                                                 *
        Appellee.                        *

————————

Submitted: March 14, 2005
Filed:   March 17, 2005

————————

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

————————

PER CURIAM.

Diane Tuttle appeals the district court's[1] order affirming the denial of disability insurance benefits. In her July 2000 application, Tuttle alleged disability since December 1999 from deteriorating lumbar discs. Following a March 2002 hearing, where a vocational expert (VE) testified, an administrative law judge (ALJ) found that Tuttle had severe degenerative disc disease and obesity, but her impairments alone or combined were not of listing-level severity; that her testimony was not

————————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

entirely credible; and that her residual functional capacity (RFC) did not prevent her from performing either her past relevant work as a receptionist or a full range of unskilled sedentary jobs, as confirmed by the VE's response to a hypothetical the ALJ had posed. After the Appeals Council denied review, the district court affirmed. Having carefully reviewed the record, see Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (standard of review), we affirm.

We reject Tuttle's challenges to the ALJ's credibility findings. First, the ALJ properly discredited Tuttle based on her failure to comply with recommended treatment: while Tuttle may not have been able to swim year round and was not specifically told to do so, her testimony suggested that she made a half-hearted effort to swim during the summer and that she made no effort at all to do home exercises as directed. Cf. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (ALJ properly discredited claimant in part based on her cancellation of several physical therapy appointments, i.e., failure to comply with prescribed treatment). Second, evidence indicating a lack of motivation to work may be used as a credibility factor so long as it is not a dispositive one. See Ramirez v. Barnhart, 292 F.3d 576, 581 n. 4 (8th Cir. 2002). Third, while the ALJ did not discuss all the credibility factors announced in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), her thorough summary of the medical evidence and Tuttle's testimony, and her acknowledgment of the Polaski factors, indicates she considered them as required. See Eichelberger, 390 F.3d at 590 (ALJ need not discuss each Polaski factor so long as he acknowledges and considers them). Finally, while the ALJ referenced an argument Tuttle raised about the RFC findings of a consulting physician, it is unclear whether the ALJ was using the physician's comments about weight loss as a basis to discredit Tuttle. Nevertheless, because the ALJ gave several other valid reasons for finding Tuttle not entirely credible, we defer to the ALJ's credibility determination. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

Tuttle also contends that the ALJ did not properly assess her RFC, and should have adopted the RFC findings of her long-term treating physician, Dr. Alan Fisher. We disagree. Dr. Fisher did not explain (and we find nothing in the record to support) many of the limitations he listed, e.g., the need to avoid fumes and noise, and limitations in overhead reaching and gross manipulation; and Dr. Fisher linked all of the listed limitations to "chronic lumbar syndrome" and "failed . . . injections." The extent of the back-related limitations Dr. Fisher imposed is also inconsistent with the diagnostic test results and relatively mild examination findings. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (treating physician's opinion is entitled to controlling weight if it is supported by acceptable clinical and diagnostic data and consistent with other substantial evidence in record); Eichelberger, 390 F.3d at 591 (some medical evidence must support RFC determination). Contrary to Tuttle's assertions on appeal, her response to a question the ALJ posed about Dr. Fisher reasonably supported that Dr. Fisher had based his findings primarily on Tuttle's reports; the ALJ was not required to contact Dr. Fisher for clarification, as the medical records, consultative examination, and Tuttle's testimony and statements provided a sufficient basis for determining her RFC, see Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) (ALJ need not seek additional clarifying statements from treating physicians unless crucial issue is undeveloped); and the ALJ did not adopt the RFC findings of the Social Security Administration reviewing physicians, who placed fewer limitations on Tuttle than did the ALJ. In summary, because the ALJ incorporated parts of the findings of Drs. Grinbergs and Fisher, considered the medical evidence, and properly discounted Tuttle's subjective complaints, the ALJ's RFC findings are supported by substantial evidence. See id. at 807 (in determining RFC, ALJ must consider medical records, observations of treating physicians and others, and claimant's description of her limitations).

Accordingly, we affirm.

_____