# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2357

_____

| | | |
|---|---|---|
| Shawn A. Holley, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Larry G. Massanari, Acting | * | |
| Commissioner of Social Security*, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: February 16, 2001
Filed: June 15, 2001

_____

Before WOLLMAN, Chief Judge, BRIGHT, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

BRIGHT, Circuit Judge.

---

*Pursuant to Fed. R. App. P. 43(c)(2), Larry G. Massanari, appointed to serve as Acting Commissioner effective March 29, 2001, is automatically substituted for former Commissioner Kenneth S. Apfel.

Shawn Holley, appeals from the judgment of the district court[1] affirming the decision of the Secretary of Health and Human Services ("Secretary") denying Holley's application for supplemental security income benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-83, and social security disability benefits under Title II of the Act, 42 U.S.C. §§ 401-433. Holley argues that the decision of the Secretary was not supported by substantial evidence on the record as a whole because (1) the Administrative Law Judge ("ALJ") incorrectly assessed his residual functional capacity, and (2) the ALJ incorrectly applied the Medical-Vocational Guidelines. For the reasons discussed below, we affirm the decision of the district court.

I.    BACKGROUND

Holley is a twenty-seven-year-old male with a tenth grade education. His past work history includes telemarketing, unloading trucks, roofing, cooking, and janitorial work.

Holley suffers from blood clots in his legs. He testified that he experiences pain and swelling in his calves and ankles and the pain worsens when he runs, jumps, or stands. To alleviate the pain and swelling he elevates his legs, he soaks them, he places hot towels on them, and he intermittently takes several prescribed medications.

Holley filed applications for disability insurance benefits and supplemental security income on January 22, 1996, alleging that he became unable to work on November 30, 1995. The ALJ denied Holley's application initially and denied his request for reconsideration.

---

[1]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

The ALJ found that Holley has thrombophlebitis (blood clots) in his legs, that Holley was not credible, that Holley could not perform his past work but that he "has the residual functional capacity to perform the full range of light work and a limited range of medium work." The ALJ rejected much of Holley's testimony as not credible. The ALJ observed that the objective medical evidence did not support Holley's claims. The ALJ noted that Holley did not follow the recommended course of treatment (i.e., he did not maintain the doctor recommended healthy diet, smoked a pack of cigarettes each day, and drank a glass of gin each day), Holley did not follow his medication regimen, and Holley's work history suggested poor motivation and called his disability claim into question. The ALJ recognized that Holley's treating physician made only an isolated reference to Holley's inability to maintain a forty-hour workweek in a letter to Holley's attorney, but the ALJ placed greater reliance on a subsequent report from Holley's treating physician which stated that Holley's right leg was "totally normal," and that there had been "significant improvement" in his left leg. The ALJ determined that Holley was unable to return to his prior work but that Holley was capable of performing the full range of light work and a limited range of medium work. The ALJ applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Guidelines"), and concluded that Holley was not disabled as defined by the Act. Holley appealed to the district court pursuant to 42 U.S.C. § 405(g) and the district court affirmed.

On appeal, Holley argues that the ALJ erred in concluding that he could perform light work despite the limitations imposed by his treating physician, erred in discrediting his testimony, and inappropriately applied the Medical-Vocational Guidelines.

II.  DISCUSSION

We review the Commissioner's findings as to whether they are supported by substantial evidence on the record as a whole. Prosch v. Apfel, 201 F.3d 1010, 1012

(8th Cir. 2000). Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. Id. We consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. Craig v. Apfel, 212 F.3d 433, 435-36 (8th Cir. 2000). As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome, id., or because we would have decided the case differently. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

## A.

Holley makes three arguments in support of his contention that he is disabled and that the ALJ erred by finding that he was able to perform light work. First, Holley argues that the ALJ's findings are not consistent with the Social Security Administration's definition of light work. According to the regulations, "light work" is generally characterized as (1) lifting or carrying ten pounds frequently; (2) lifting twenty pounds occasionally; (3) standing or walking, off and on, for six hours during an eight-hour workday; (4) intermittent sitting; and (5) using hands and arms for grasping, holding, and turning objects. 20 C.F.R. § 404.1567(b); Social Security Ruling 83-10, 1983 WL 31251, at *4-5.

The substantial evidence supports the ALJ's determination that Holley could perform the full range of light work. The ALJ relied on and recounted Holley's testimony that,

> [H]e can sit, lift up to 30 pounds, walk two blocks, stand for 15 minutes, and occasionally squat, stoop, and bend. [Holley] felt he could at least try to sit 6 out of 8 hours in a day even if he would not be allowed to stand or elevate his legs.

Addendum at 20. As we have already observed, the ALJ discounted Holley's subjective claims of pain because the objective medical evidence contradicted Holley's testimony. Smith v. Heckler, 760 F.2d 184, 187 (8th Cir. 1985) (determining that credibility assessment was for the ALJ).

The substantial evidence in the record previously referred to in this opinion supports the ALJ's conclusion that Holley is not disabled. Therefore, the ALJ did not err when he concluded that Holley could perform the full range of light work.

Second, Holley argues that the ALJ improperly relied upon Holley's noncompliance with his doctor's prescribed treatment under Social Security Ruling 82-59, 1982 WL 31384, when he determined that Holley was not disabled. Social Security Ruling 82-59 explains the circumstances in which the Secretary may deny benefits to an otherwise disabled individual on the basis that the claimant has failed to follow their prescribed treatment.

Social Security Ruling 82-59 does not apply to this case. Social Security Ruling 82-59 only applies to claimants who would otherwise be disabled within the meaning of the Act; it does not restrict the use of evidence of noncompliance for the disability hearing. Here, the ALJ analyzed the evidence of Holley's noncompliance within the context of his analysis of Holley's credibility. The ALJ never determined that Holley was disabled and that compliance would restore Holley's ability to work. By contrast, the ALJ determined that in spite of Holley's noncompliance, Holley was not disabled. The ALJ used the evidence of Holley's noncompliance solely to weigh the credibility of Holley's subjective claims of pain. Social Security Ruling 82-59 does not restrict the use of evidence of noncompliance, it merely delineates the reasons that the Social Security Administration may deny benefits to an otherwise disabled person because they fail to comply with their doctor's prescribed treatment. Therefore, Social Security Ruling 82-59 does not apply to this case.

Third, Holley argues that the ALJ did not properly analyze Holley's subjective complaints of pain according to Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). According to Polaski the ALJ must consider the claimant's prior work record, observations by third parties, and observations by treating and examining physicians as they relate to (1) the daily activities of the claimant; (2) the duration, frequency, and intensity of pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) functional restrictions. Id.

In this case, the ALJ did not cite Polaski. However, the ALJ did cite the proper regulations and he correctly listed the relevant factors that should be considered in assessing the credibility of claimant's subjective complaints. The ALJ considered Holley's daily activities, Holley's prior work record, observations by his treating physician, the duration and frequency of his pain, the precipitating and aggravating factors, the effectiveness of medication, and functional restrictions. In fact, at the beginning of his decision the ALJ listed all of the Polaski factors. No error arises from the ALJ's evaluation of Holley's subjective complaints of pain.

B.

After the claimant has established that she is unable to perform her past relevant work, the burden shifts to the Commissioner to show that the claimant has the physical residual capacity to perform a significant number of other jobs in the national economy that are consistent with her impairments and vocational factors such as age, education, and work experience. Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998).

> If an applicant's impairments are exertional (affecting the ability to perform physical labor), the Commissioner may carry this burden by referring to the medical-vocational guidelines or "grids," which are fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment.

-6-

Id.  However, when a claimant is limited by a nonexertional impairment, such as pain or mental incapacity, the Commissioner may not rely on the Guidelines and must instead present testimony from a vocational expert to support a determination of no disability.  Id.; see also O'Leary v. Schweiker, 710 F.2d 1334, 1338-39 (8th Cir. 1983).

Holley argues that the ALJ should have obtained the testimony of a vocational expert.  Holley does not argue that the ALJ's reliance on the Guidelines was misplaced because his nonexertional impairments precluded their application.  In fact, the ALJ specifically noted that Holley's "limitations are strictly exertional in nature and there are no medically-established non-exertional limitations."  When the ALJ determines that a claimant's subjective complaints of pain are not credible and, therefore, do not diminish the claimant's residual functional capacity to perform the Guideline-listed activities, the ALJ may rely on the Guidelines.  Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995).  However, even if we assume, for the sake of argument, that Holley argued that his nonexertional limitations precluded the application of the Guidelines, the substantial evidence still supports the ALJ's determination that Holley was not disabled because, "[t]he ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole."  Gray v. Apfel, 192 F.3d 799, 803 (8th Cir. 1999); see also Spradling v. Chater, 126 F.3d 1072, 1074-75 (8th Cir. 1997) (citing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)).  Therefore, the substantial evidence shows that the ALJ did not err in applying the Medical-Vocational Guidelines.

III.    CONCLUSION

The Secretary's decision denying Holley's claim for disability benefits is supported by substantial evidence in the record.  Therefore, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.