# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1076

———————

Peggy J. Guziewicz,                             *
                                                *
            Appellant,                          *
                                                *
      v.                                        *   Appeal from the United States
                                                *   District Court for the
Jo Anne B. Barnhart, Commissioner,              *   Eastern District of Arkansas.
Social Security Administration,                 *
                                                *    [UNPUBLISHED]
            Appellee.                           *

———————

Submitted: October 28, 2004
Filed: November 5, 2004

———————

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Peggy Guziewicz appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We affirm.

Guziewicz challenges the administrative law judge's (ALJ's) residual function capacity (RFC) determination, which included a restriction that Guziewicz work in

---

[1]The Honorable Henry L. Jones, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

an environment free of strong chemical odors, scents, and fumes, but did not adopt the lengthy list of additional environmental limitations proposed in a March 2002 letter from Dr. Harold Hedges, her treating physician. We reject this challenge. Dr. Hedges's March 2002 opinion is not supported by diagnostic testing; rather, his opinion seems to be based on Guziewicz's reported reactions of headache and fatigue, which are somewhat inconsistent with Dr. Hedges's November 2000 and December 2001 statements that Guziewicz reported she had been eating out, was active, and exercised frequently. See Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) (treating physician's opinion is generally entitled to substantial weight, but it is not conclusive and must be supported by medically acceptable clinical or diagnostic data).

Further, allergy tests from December 2000 and January 2001 revealed Guziewicz had allergies only to house dust, molds, and some foods. Dr. Robert Kennedy, who performed the allergy tests, stated in March 2001 that Guziewicz could build up adequate protection to her allergies with treatment. Guziewicz herself reported to her physicians in September 1995 and June 1997 that her sensitivities to cat and dust mite, cologne, and other strong scents were controlled by her chemical drops. Thus, we find that the ALJ's RFC determination is supported by substantial evidence. See Cox v. Barnhart, 345 F.3d 606, 608 (8th Cir. 2003) (substantial-evidence standard of review); Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (ALJ must determine RFC based on all relevant evidence, including observations of treating physicians and others, and claimant's description of her limitations); cf. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) (if impairment can be controlled by treatment or medication, it is not disabling).

Guziewicz also argues the ALJ improperly discounted her subjective complaints. This argument fails as well. The ALJ relied on several relevant factors to discount her complaints, including her reported daily activities: cleaning her house with gloves and a mask, sitting outside on her patio, and going out to eat and to the

lake with her husband. The ALJ also relied on evidence that Guziewicz's impairments could be controlled with treatment, and that she had been noncompliant with prescribed medical treatment, including advice to quit smoking. See Holley v. Massanari, 253 F.3d 1088, 1092 (8th Cir. 2001) (ALJ may consider noncompliance with medical treatment in discrediting subjective complaints); Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make); Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000) (ALJ properly considered claimant's failure to follow doctor's advice to stop smoking in discrediting her subjective complaints); Wilson v. Chater, 76 F.3d 238, 241 (8th Cir. 1996) (daily activities is factor to consider in evaluating subjective complaints); Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (relevant considerations include effectiveness of prescribed medication).

Accordingly, we affirm.

_____