[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12325
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-00697-TGW

CATHERINE M. MACK,

                                        Plaintiff-Appellant,

                    versus

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 22, 2011)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Catherine Mack appeals the district court's order, affirming the

administrative law judge's ("ALJ") denial of her applications for disability

insurance ("DI") benefits, 42 U.S.C. § 405(g), and Supplemental Security Income ("SSI") benefits, 42 U.S.C. § 1383(c)(3). Mack alleged that she was disabled due in part to chronic obstructive pulminary disease ("COPD"), obesity, severe sinus problems, dyspnea (difficult or labored breathing), and sleep apnea. Relevant to the instant appeal, the ALJ found that Mack was not disabled within the meaning of the Social Security Act ("SSA") at step five of the sequential evaluation process. The ALJ found that Mack's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely credible in part because of Mack's noncompliance with prescribed treatment, specifically, the fact that Mack was smoking five packs of cigarettes on a daily basis, although she complained of COPD and asthma attacks; and Mack had recently gained five pounds, although her physician had recommended that she lose weight. Based on the vocational expert's ("VE") testimony that, given Mack's limitations, there were significant jobs in the economy that Mack could perform and the Medical-Vocational Guidelines, the ALJ found that Mack was not disabled. Notably, Mack does not challenge the ALJ's assessment of her RFC, her credibility, or the medical evidence, or the adequacy of the hypothetical question posed to the VE. Mack does argue, however, that the substantial evidence does not support the ALJ's finding that she was not disabled because the ALJ erred in failing to apply

2

20 C.F.R. § 416.930 or Social Security Ruling ("SSR") 82-59 when he found that Mack was noncompliant with prescribed medical treatment to stop smoking and lose weight.

We review "the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We will not reweigh evidence, make credibility determinations, or substitute our judgment for that of the ALJ, but instead review the record to determine if the decision reached is supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence "is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* A "mere scintilla" of evidence, however, will not suffice. *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998).

An individual claiming disability and SSI benefits carries the burden of demonstrating the existence of a disability as defined by the SSA. *Moore*, 405 F.3d at 1211. A claimant is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of less than 12 months." *Crayton*

*v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) (quotation omitted). The social security regulations establish a five-step, sequential evaluation process to determine disability for both SSI and DI benefits claims. *Id.* The ALJ must evaluate: (1) whether the claimant engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; (4) whether the claimant has the RFC to perform her past relevant work; and (5) whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant proves that she cannot perform her past relevant work at the fourth step, the burden shifts to the Commissioner to show, at the fifth step, that there is other work available in the economy that the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

SSR 82-59 sets forward the circumstances in which the Commissioner can deny benefits on the basis that the claimant has failed to follow prescribed treatment. SSR 82-59 at 1; *see also* 20 C.F.R. §§ 404.1530 (stating that a claimant who fails to follow prescribed treatment, absent a good reason, will not be found disabled and providing a list of acceptable reasons for noncompliance), 416.930

(same). While we have not specifically addressed SSR 82-59, the Circuits that have considered the policy statement have held that the procedures mandated in SSR 82-59 "only apply to claimants who would otherwise be disabled within the meaning of the Act." *Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1995); *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). This conclusion is consistent with the language of SSR 82-59, which provides:

> [a]n individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the [SSA] determines can be expected to restore the individual's ability to work, cannot by virtue of such "failure" be found to be under a disability.

SSR 82-59 at 2.

When a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, we apply a three-part "pain standard," which requires evidence of an underlying medical condition, and either (A) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (B) that the objectively determined medical condition is so severe that it can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (stating that this "standard also applies to complaints of subjective conditions other than pain"). "The claimant's subjective

5

testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223.

When the medical signs and laboratory findings establish that the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms, the ALJ must evaluate the intensity and persistence of a claimant's symptoms and the extent to which those symptoms limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); Social Security Regulation 96-7p ("SSR 96-7p") at 2. In doing so, the ALJ is to consider the objective medical evidence and other evidence provided by the claimant and her treating and nontreating sources concerning what may precipitate or aggravate the claimant's symptoms, what medications, treatment or methods are used to alleviate the symptoms, and how the symptoms affect the claimant's daily living. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p at 3. The ALJ's credibility finding must be grounded in the evidence and contain specific reasons that are supported by the record evidence. SSR 96-7p at 4.

Because (1) the ALJ did not significantly base his determination that Mack was not disabled on her noncompliance with prescribed treatment; and (2) there is no dispute that substantial evidence supports the ALJ's credibility finding, the ALJ's assessment of both the medical evidence and Mack's RFC, and the VE's

6

testimony that, given Mack's limitations, there are significant jobs in the economy that Mack can perform, we affirm.

**AFFIRMED.**